**Leo Awotin, Appellant, v. Meyer Abrams et al., Appellees.**

**Gen. No. 41,463.**

Opinion filed March 31, 1941.

FRANK G. MATAVOSKY and JOHNTRY & FITZGERALD, both of Chicago, for appellant.

SHULMAN, SHULMAN & ABRAMS, of Chicago, for appellees and cross-appellants; MEYER ABRAMS, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff is a former client. Defendants are attorneys at law. Suit was brought on a written contract under seal by which defendants were employed to render legal services. Three complaints filed were stricken on motion. Plaintiff then filed a fourth amended complaint which was also stricken, the suit dismissed and he appeals.

The motions to dismiss were filed under sections 33(2), 45 and 48 of the Civil Practice Act. In support of the motion under § 48 the affidavit of Meyer Abrams, who handled the litigation for plaintiff, was filed and the facts stated in it are not denied. The contract of employment was entered into June 11, 1931. Plaintiff had brought suit in the circuit court to recover damages against the Atlas Exchange Nat. Bank on its promise to repurchase at the option of plaintiff bonds sold by the bank to him of the par value of $35,000. The cause had been tried and a finding and judgment entered for defendant. Plaintiff employed defendants here to perfect an appeal to the Appellate Court. They did so and the judgment was reversed. (*Awotin v. Atlas Exchange Nat. Bank,* 265 Ill. App. 238.) Upon retrial a judgment was entered in favor of Awotin for $39,851.66. The bank appealed but did not perfect its appeal. However, December 30, 1933, it sued out a writ of error. In the meantime, plaintiff brought another suit of the same kind in the municipal court of Chicago. Defendants were his attorneys in this suit and obtained judgment in his favor for $4,000. For services in that suit plaintiff paid defendants $200. The Atlas National Bank did not pay the judgment rendered against it in the

circuit court. It had consolidated with another national bank under the name of West Side Atlas National Bank.

March 11, 1932, plaintiff and Rose Kimen, who was his caretaker, sued the consolidated bank and its stockholders to have their assets subjected to the payment of their judgments. The suit was brought in the United States District Court. The stockholders of the consolidated bank were also made defendants. The suit was in equity, No. 11555. Defendants acted as attorneys for plaintiffs, Awotin and Kimen. The cause was put at issue and referred to a master, who on November 23, 1933, reported in favor of plaintiffs. In this case plaintiff advanced to defendants $130, the estimated court costs. The fourth amended bill says only $16.30 of this amount was used for that purpose.

At the June term, 1934, the Appellate Court reversed the judgment in favor of plaintiff theretofore rendered in the circuit court on writ of error sued out by the bank on December 22, 1933, 6 days after the opinion of the Supreme Court of this State was filed in *Knass v. Madison & Kedzie State Bank,* 354 Ill. 554. The Appellate Court reversed in 269 Ill. App. 588. The Supreme Court in the *Knass* case held contracts of repurchase to be void as contrary to the statute of the State and against public policy. The *Awotin-Atlas* case reached the Supreme Court and was affirmed in 295 U. S. 209. Other attorneys represented plaintiff in that court. Plaintiff sued these attorneys for alleged negligence in failing to present to the Supreme Court a point as directed. There was a judgment for defendants in the trial court which was affirmed by this court. (*Kimen v. Ettelson,* 303 Ill. App. 230 (Abst.).) After the decision in the *Knass* case the master in the Federal court changed his finding in favor of the plaintiffs to a finding against them. Plaintiffs there (Kimen and Awotin) employed other

attorneys to represent them. However, there was a decree against them which was afterwards affirmed by the Federal Court of Appeals. (*Kimen v. Atlas Exchange Nat. Bank of Chicago*, 92 F. (2d) 615.)

The principal charge made in the complaint is that defendants failed to consummate an offer of cash settlement for $35,000 made by the liquidator of the bank. The offer, it is said, was open from December 15, 1933, to June 15, 1934. The fourth amended bill says defendants demanded $3,500 additional attorneys' fees; demanded that plaintiff acknowledge in writing that defendants had received only $1,100 in fees, whereas plaintiff had paid them $1,500; that "plaintiff tried to have them accept the $35,000 offer," but defendants represented that they were the only persons in a position to make the settlement, etc.

January 31, 1934, defendants filed a claim for attorneys' lien, copy of which is attached to the fourth amended complaint. Plaintiff says defendants by their contract were obligated to make this settlement, which they did not do, and were also obligated to carry on the litigation in the Supreme Court of the United States and in the Federal courts, which they did not do although requested.

The bill demands damages to the amount of $35,000 with interest, the repayment of costs and expenses advanced by plaintiff in all the litigations, including the attorneys' fees paid to the attorneys who represented plaintiff in the Supreme Court of the United States and in the Federal court, together with interest. The whole claim made is about $80,000.

Plaintiff says the Civil Practice Act is to be liberally construed. This is generally true but does not mean that a motion to dismiss admits inferences and conclusions of the pleader. *Klein v. Chicago Title & Trust Co.*, 295 Ill. App. 208. Moreover, allegations of a complaint which are negatived by exhibits attached to it will be controlled by the exhibits. *Lyons v. 333*

*North Michigan Ave. Bldg. Corp.,* 277 Ill. App. 93;
*Bunker Hill Country Club v. McElhatton,* 282 Ill. App.
221. The contract here attached does not obligate
defendants to render legal services in connection with
any settlement that may arise nor does it require them
to perform services for Kimen and the plaintiff in the
Federal court.

Defendants argue they were without right to ac-
cept the settlement because the Supreme Courts of
the State and the United States held the repurchase
contracts to be void as against public policy. They
say the consideration for such a settlement would
have been void. We hold plaintiff had a right to have
that question litigated, and if a settlement had been
made in good faith the forbearance to further litigate
would have constituted a valid consideration. *Pyle v.
Murphy,* 180 Ill. App. 18; *Berry v. Berry,* 183 Ky. 481,
209 S. W. 855, 857.

However, the compensation to be paid defendants
under the contract was in part contingent in its nature.
Defendants had a financial interest in the proposed
settlement. Plaintiff had employed other attorneys.
He was not without legal advice and seems to have
known his rights pretty well. He had no right to
settle, to the prejudice of defendants. *Allinson v.
Pierson,* 285 Ill. 387. He could have settled by setting
aside the portion of the proceeds subject to defend-
ants' lien. *Levy v. Grand Central Wicker Shop,*
249 N. Y. 168. Defendants were financially interested
in the claims. *Lewis v. Braun,* 356 Ill. 467. When
the proposed settlement arose their interests were
adverse to plaintiffs. At any rate, the allegations as
to this settlement are mere conclusions which, stripped
of verbiage, do not convince. After the decision in
the *Knass* case, we hold there was no further obliga-
tion on defendants to render further legal services
under the contract as made. The law as finally de-

clared on the question of the obligation of state and national banks to repurchase securities sold, is found in *Rothschild v. Manufacturers Trust Co.*, 279 N. Y. 355, 18 N. E. (2d) 527; *Kimen v. Atlas Exchange Nat. Bank,* 295 U. S. 215, 216, 79 L. Ed. 1398, 1399; and *Knass v. Madison & Kedzie State Bank,* 354 Ill. 554, 188 N. E. 836. Also see note to the *Rothschild* case in 120 A. L. R. 485.

In *Kimen v. Ettelson,* 303 Ill. App. 230 (Abst.), we said: "We are persuaded that no skill or vigilance of a lawyer, however distinguished, could have procured a different decision in the *Kimen* case."

This suit ought not to have been brought. Defendants insist that under section 41 of the Civil Practice Act statutory costs should be assessed against plaintiff, and that this court should direct the court below to assess further damages.

Section 41 of the Civil Practice Act provides:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading the same to the payment of such reasonable expenses, to be summarily taxed by the court at the trial, as may have been actually incurred by the other party, by reason of such untrue pleading."

This provision seems to have been copied from a New Jersey rule of court. (Smith-Hurd Ann. Stats., ch. 110, par. 165, p. 255 [Jones Ill. Stats. Ann. 104.041].) In order to be applicable, as we read it, the allegations of the pleading must have been made without reasonable cause and in bad faith and "found to be untrue." No evidence was taken here. The well pleaded facts in the ruling on the motion to strike are found insufficient. They are not found to be untrue within the meaning of section 41. Defendants filed an affidavit in support of their motion to strike under section 48. These facts were not denied but were not ap-

plicable under that section. While we think the suit should not have been brought, we cannot hold the chancellor erred in denying this motion.

The judgment will be affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.