**Dorothy A. Naas, Appellee, v. Rose B. Peters, Appellant.**

**Gen. No. 42,785.**

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed January 24, 1944. Rehearing denied February 8, 1944.

Mulcahy, Murphy & Dieringer, of Chicago, for appellant; Michael F. Mulcahy, William T. Murphy and Henry W. Dieringer, all of Chicago, of counsel.

Samuel J. Andalman, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

By this appeal defendant, Rose B. Peters, seeks to reverse a decree entered in a foreclosure suit holding her liable for the deficiency of $3,834.45.

The record discloses that plaintiff, Dorothy A. Naas, owned some vacant lots in Niles, Illinois, which on December 31, 1934, she conveyed to Lester B. Peters for $20,000, of which $6,000 was paid in cash, and on the same day, Lester B. Peters executed his notes for $14,000 for the balance of the purchase price, and conveyed the property by trust deed to secure the payment of the $14,000. Immediately following this and on the same day, Lester B. Peters conveyed the premises by quit claim deed to his mother, Rose B. Peters, the defendant. Afterward a number of payments were made on the indebtedness and June 30, 1941, default was made in payment and a suit filed to foreclose the lien of the trust deed for the amount remaining due and unpaid. The cause was referred to a master in chancery who took the evidence, made up his report, a decree of foreclosure was entered, the property afterward sold and Lester B. Peters and his mother, Rose B. Peters, were held liable for the deficiency. The mother alone prosecutes this appeal.

The evidence all shows that Lester, the son, had no money; that the property was purchased by his mother, title taken in his name, that she furnished all the money and that he took title and executed the trust deed and notes merely for his mother. In these circumstances when the title to the property was conveyed to Lester a resulting trust was created, the mother being the real owner of the property and she is liable for the deficiency. *Bride v. Stormer,* 368 Ill. 524.

The decrees of the superior court of Cook county are affirmed.

*Decrees affirmed.*

NIEMEYER and MATCHETT, JJ., concur.