New York Life Insurance Company, Appellant, v. 1325 Astor Street Building Corporation et al., Defendants. John Wentworth et al., Appellees.

Gen. No. 43,287.

Heard in the first division of this

court for the first district at the December term, 1944. ▮▮▮▮ Opinion filed March 26, 1945. Released for publication April 11, 1945.

JOHN F. DENISSEN and CLARENCE C. TAYLOR, both of Chicago, for appellant.

TAYLOR, MILLER, BUSCH & BOYDEN, of Chicago, for certain appellees.

HEINEMAN & LANGSETT, of Chicago, for certain other appellee.

ISHAM, LINCOLN & BEALE and CYRUS H. ADAMS, for certain appellee.

BOBB, SPOERRI, BOURLAND & HARRIS, of Chicago, for certain appellee; PRESTON BOYDEN, CASSIUS M. DOTY, WALTER F. HEINEMAN, CYRUS H. ADAMS, JAMES P. DILLIE, and HERMAN C. NAGEL, all of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The New York Life Insurance Company filed its complaint in chancery to foreclose the lien of a trust deed dated June 27, 1928, on an apartment building, executed by defendant, 1325 Astor Street Building Corporation given by it to secure the payment of its promissory note for $414,000, dated June 27, 1928, payable to the New York Life Insurance Company. About 7 months thereafter, plaintiff filed an additional Count II to its complaint, claiming the individual defendants were personally liable and that they should be decreed to pay any deficiency. The foreclosure was not contested. The court struck that part of the complaint by which it was sought to hold the individuals liable. The case was referred to a master and a decree of foreclosure was afterward entered. The indebted-

ness not having been paid, the property was sold by the master and the deficiency decree for $170,913.84 entered against the Building Corporation. Plaintiff appeals.

The record discloses that Wentworth and Ball, two of the defendants, owned adjoining pieces of real estate on Astor street in Chicago and it was decided to erect a co-operative apartment building on the two pieces of real estate. The usual proceedings in such a proposition were followed, a corporation was formed, an apartment building of 14 stories containing 12 apartments erected, the property conveyed by Wentworth and Ball to the corporation and certain individuals were to pay respective amounts toward the payment of the cost of the land and building for which they were to receive shares of stock in the building corporation and were to execute a lease of their respective apartments. The balance of the cost was to be raised by a loan and the money for this purpose was borrowed from the insurance company, secured by a trust deed to the Chicago Title & Trust Company on the property. Under the terms of the note the money was payable in a number of installments. The plan was carried out, the moneys paid and from time to time payments were made but afterward some default was made in payment and the foreclosure proceeding brought.

Counsel for plaintiff in their brief, in stating plaintiff's theory of the case say: ''Plaintiff's theories of the case do not apply to all the defendants alike. For clarity and brevity, defendants Wentworth, Ball, Callahan, Wolf, Morton, Rebori and Cleveland, together with I. Newton Perry and Frederick A. Stock, both of whom died before this action was commenced, are referred to herein as Participants and thus distinguished from the remaining defendants. . . .

''As to Participants, plaintiff's theories are that, although the title to the real estate was taken in

Mortgagor and it executed the trust deed and notes, Participants were the actual purchasers and the real debtors; that Participants were joint adventurers and the principals in the mortgage transaction and Mortgagor was merely their trustee or agent; and that the fiction that Mortgagor and Participants, as shareholders, were distinct entities should be disregarded to circumvent fraud.'' And as to other participants, ''plaintiff's theory is that the proprietary leases were contracts for the benefit of plaintiff as a third party beneficiary.''

On the other side, counsel for defendants say that plaintiff's claim by which it seeks to hold the individuals liable for the deficiency is an afterthought. That November 13, 1942, when plaintiff filed its claim it made no claim that any individual was liable for any deficiency and that such a claim was not made until about 7 months thereafter, when plaintiff filed an amended Count to its complaint. That from the time of the beginning of the plan in 1927, the making of the note and trust deed in 1928 and thereafter the leases, and in 1938 when the time of payment was again extended by an agreement entered into between the building corporation and the insurance company, no claim was made at any time by plaintiff that there was any personal liability on the part of any individual. Defendants' further contention is that any allegations of the complaint by which it is sought to charge fraud are mere conclusions, no facts being stated.

Attached to the original complaint as exhibits are (1) the promissory note dated June 27, 1928, for $414,000 which recites that for value received the defendant building corporation promises to pay to plaintiff, the insurance company, the amount of the note in installments, the last of which was for $224,452.38 on July 20, 1943, with interest thereon, etc. That ''This note is secured by trust deed bearing even date herewith on that certain property, with the build-

ings and improvements thereon situated at 1325 Astor Street;'' that privilege is reserved to pay $1,000 or multiples thereof, on any interest date, etc. The note is signed: ''1325 ASTOR STREET BUILDING CORPORATION By *John Wentworth,* President By *O. F. Ball,* Secretary.'' Then follows a certificate by the Chicago Title & Trust Company Trustee, that the note is described in the Trust Deed to it dated June 27, 1928. (2) Exhibit 2 is a copy of the trust deed dated June·27, 1928, between the building corporation and the Chicago Title & Trust Company, trustee. In it the note for $414,000 is specifically described, with the privilege of partial payments and that it is evidenced by the certificate of the Title & Trust Company. That the property in question is conveyed and the usual provisions of such trust deed follow, and the further provision that the grantor ''covenants and agrees that it will pursue diligently to completion, the construction, erection and equipment of the fourteen (14) story and basement, fireproof, twelve (12) family apartment building, upon the premises'' according to plans and specifications heretofore submitted to the insurance company. Then follow a number of other provisions, one of which is that if any law should afterward be passed in Illinois as to the method of valuing property for the purpose of taxation, etc., the indebtedness might be declared due, etc.

The trust deed is executed by ''1325 ASTOR STREET BUILDING CORPORATION By *John Wentworth* President, Attest: *O. F. Ball* Secretary.'' It is acknowledged by these two men, as such officers, before a notary public on July 12, 1928. It bears the recorder of Cook county's endorsement July 13, 1928. (3) The next exhibit attached to the complaint is an extension agreement dated August 27, 1938, between the building corporation and the insurance company. It recites the note involved in the foreclosure, the amount due and unpaid, the execution of the trust deed; that

another agreement had been entered into between the parties August 7, 1933, extending the time of payment; that a second extension agreement had been entered into between the parties February 3, 1936; that some of the installments due under the terms of the extension agreement of February 3, 1936, have not been paid, and that the payment of the balance then due, $370,000, might be made in installments, the last of which was for $290,500, due July 20, 1948. This extension agreement is executed by the "1325 ASTOR STREET BUILDING CORPORATION By *John Wentworth* President, By *Otho F. Ball* Secretary" and by the plaintiff, New York Life Insurance Company, By *W. P. Kingsley,* Vice President By *C. E. Judson,* Assistant Secretary. It is acknowledged by the two officers of the building corporation before a notary public and by the vice president and assistant secretary of the New York Life Insurance Company before a notary public in the county of New York.

There was attached to Count II as an exhibit, a copy of the leases made by the building corporation to the respective tenants who were owners of stock in the building corporation.

Counsel for plaintiff in their brief say that the individual defendants "were the purchasers of the property, the real parties in interest, and they are, therefore, liable for the deficiency." And in support of this say that while the case presented is "in a sense, novel and without precedent" a court of equity will award relief, and that the cases of *Bride v. Stormer,* 368 Ill. 524 and *Naas v. Peters,* 321 Ill. App. 212, affirm this principal.

Counsel's brief was filed before the *Naas* case was reversed by the Supreme court in 388 Ill. 505 in which the true meaning of the *Bride* case was pointed out. But we think the facts in these two cases were not at all similar to the facts in the case at bar. We are further of opinion that the contention made by

plaintiff, that the individuals are liable for the deficiency on the ground that the mortgagor, the building corporation, was merely the trustee or agent, cannot be sustained. We think the record discloses that the insurance company was loaning its money to the building corporation, as is shown by all the documents which are attached as exhibits to the complaint as amended, and are inconsistent with such theory. And it is an elementary rule of law that where the allegations are in conflict with the facts disclosed by the exhibits, the latter must prevail. *Fetherston v. Nat. Rep. Bancorp.*, 280 Ill. App. 151; *Conkling v. McIntosh*, 324 Ill. App. 292; *Price v. Solberg*, 269 Ill. 459. We think the allegations of the complaint as amended, by which it is sought to charge the individuals with fraud, are but conclusions and wholly insufficient in setting up any facts to show that the plan was in any way fraudulent. We think the facts were well known to plaintiff as to the plan of the individual defendants to construct the co-operative apartment building and that there was no fraud on the part of the individuals.

The order and decree of the Superior court of Cook county appealed from is affirmed.

*Affirmed.*

NIEMEYER, P. J., and MATCHETT, J., concur.