**Victoria A. Benner, Conservator of the Estate of Dale A. Benner, Incompetent, Plaintiff-Appellant, v. Hudelson Baptist Home, Defendant-Appellee.**

Term No. 59–O–29.

Fourth District.

February 5, 1960.

Released for publication February 22, 1960.

D. A. McGrady, of Gillespie, for plaintiff-appellant.

Orville L. Wollard, of Centralia, for defendant-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

This matter comes before us on appeal from an order of the Circuit Court of Marion County, sustaining a motion to dismiss the complaint filed by Victoria A. Benner, Conservator of the Estate of Dale A. Benner, Incompetent, as against defendant, Hudelson Baptist Home, a Corporation. The complaint requested a declaratory judgment, and after dismissal of the complaint, the plaintiff elected to stand by the pleadings and pursued the appeal to this Court.

It appears from the pleadings that on March 21, 1946, Dale Benner delivered two checks in the total sum of $3134.95 to Dr. Paul Smith. The checks were acknowledged on behalf of the defendant Home with thanks by the Secretary, and a receipt was mailed to the donor. An acknowledgment was also published in the "Home Visitor," a paper published by defendant, setting forth the purpose of the gift and the resolution adopted acknowledging the gift and designating the name of the fund and the children to be benefited by the fund and by whom the funds were to be administered. There was no formal document other than those referred to.

In the complaint filed by plaintiff copies of exhibits were attached showing the nature of the transaction, and the complaint contained an allegation that the trust was established for the worthy students of the Hudelson Baptist Home to obtain a college education "at Shurtleff College located at Alton, Illinois." The name of Shurtleff College does not appear anywhere in the exhibits which constitute the trust arrangement, and the only place the name appears is in the allegations of the pleader.

■ Where exhibits are relied upon as a basis for a recovery and there is a discrepancy between the allegations of the complaint and the exhibits, the exhibits are controlling and the language of the exhibits will be taken as the factual basis upon which the complaint is predicated (Awotin v. Abrams, 309 Ill. App. 421; Woods v. First Nat. Bank of Chicago, 314 Ill. App. 340; New York Life Ins. Co. v. 1325 Astor Street Bldg. Corp., 325 Ill. App. 536).

■ The purpose of the gift, as shown from the exhibits in the record, was for the benefit of worthy children who were inmates of the Home, and as a memorial to the mother of Dale A. Benner. The exhibits show that it was nowhere required that any specific school or college be used by defendant, nor was there any provision for termination of the trust. The complaint prayed for a return of the money to the conservator for the reason that Shurtleff College was no longer in existence. Since the trust agreement did not contain any power of revocation or a reverter to the donor, it is obvious that the relief prayed by plaintiff could not be granted under the allegations of the complaint as modified by the language of the exhibits (Harris Trust & Savings Bank v. Morse, 238 Ill. App. 232, 245).

■ It is contended in this Court that a motion to dismiss of the unverified type filed herein, setting up no additional facts, reaches only defects appearing on

258

the face of the complaint. This is true and the motion specifically raises only such defects, but it is precisely on such basis that the dismissal was justified. The motion to dismiss was properly allowed and the order of the Circuit Court of Marion County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.