Stanley J. Goldberg, Plaintiff-Appellant, v. Valve Corporation of America, a Corporation, Defendant-Appellee.

Gen. No. 51,761.

First District, Second Division.

December 6, 1967.

Hoffman & Davis, of Chicago, for appellant.

Irving T. Zemans, of Chicago, for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This was an action for a declaration of rights under the terms of a written contract of employment brought pursuant to the provisions of section 57.1 of the Civil Practice Act (Declaratory Judgments). Plaintiff, Stanley J. Goldberg, appeals from the entry of an order by the Circuit Court of Cook County on September 9, 1966, which order, upon the motion of defendant, Valve Corporation of America, a Delaware corporation, dismissed plaintiff's action as inappropriate for declaratory relief. The order was entered without prejudice in all respects excepting plaintiff's right to bring a declaratory judgment action anew on the contract.

Prior to its final disposition of the case, the court below had, on July 28, 1966, entered an interlocutory order striking the complaint for failure to state a cause of action for declaratory relief, leave being granted, on the court's motion, to file an amended complaint at law. Plaintiff refused to amend, electing to stand on his complaint, suffer the adverse order and bring this appeal from both orders.

Plaintiff filed his single-count complaint on April 5, 1966, setting forth therein the terms of his employment contract with the Aerosol Research Company, an Illinois corporation (since merged into the surviving defendant-corporation, effective in December of 1965). The contract was to cover a period commencing February 6, 1965, and ending on June 30, 1969, which contract, insofar as material, provided: (1) that plaintiff, as President of Aerosol, was to devote the major portion of his time to the performance of the duties incident to his office, it being agreed that administrative assistance, to accomplish that end, would be furnished; (2) that as compensation therefor, plaintiff was to receive a yearly salary of $30,-000, plus an additional sum of 5% of Aerosol's annual net profits (as determined by annual audit of independent public accountants), never to be less than $30,000; (3) that Aerosol reserved the right to terminate his employment, in the event of serious or persistent breach of duties thereunder, unless cured by plaintiff within thirty days of receipt of notice of such breach; and (4) that plaintiff agreed not to solicit or accept orders from any person formerly a customer of Aerosol within two years subsequent to termination of employment, unless such termination was caused by the wrongful act of Aerosol.

Plaintiff avers to have fully performed all of the duties imposed upon him under the contract, until November 29, 1965, on which date he received written notice of termination of employment from Aerosol (attaching as Exhibit A, the termination notice). Such notice advised plaintiff, that an investigation of his activities conducted by the Board of Directors revealed plaintiff to have been guilty of grievous neglect in administering to the affairs of the company (which charges were enumerated) amounting to a breach of contract by him. The notice further demanded the return of $68,975.71 by plaintiff, that sum representing received, but allegedly unearned salaries, as

well as certain monies improperly withdrawn by plaintiff for expenses.

Plaintiff alleged in the complaint that the termination was wrongful and legally ineffectual to sever the contractual relationship between the parties, averring to have at all times since receipt of notice of termination, been ready, willing, and able to continue to perform his contractual obligations. Plaintiff, thereinafter, made the following request for relief: (1) that the court declare defendant's attempted termination of no legal effect; (2) that the court declare plaintiff be entitled to recover from defendant all sums provided under the contract; (3) that plaintiff may have judgment at law for the sums remaining payable to him; and (4) that the court reserve its jurisdiction in the matter to, from time to time, enter judgments at law for any sums thereafter becoming due under the contract.

To this complaint, defendant addressed its motion to dismiss based upon the complaint's failure to state a cause of action for declaratory judgment. Such motion asserted as grounds therefor: (1) that the complaint does not request a declaration of rights under or interpretation of the contract; (2) that plaintiff obfuscates the issue by reference to defendant's attempted termination, when in fact there was a termination, the sole issue remaining being whether such termination was justified; (3) that the aforesaid issue can be readily resolved by resort to a traditional and single action at law for damages, which plaintiff is not foreclosed from asserting; and (4) that if granted, a multiplicity of law suits would accrue. That motion having been granted, essentially, the issue presented on review is the propriety of a remedy for declaratory judgment under the facts disclosed in the complaint, each party having advanced their respective interpretation of the governing statute in support of and in opposition thereto.

387

Insofar as relevant, our statute on declaratory judgments provides:

"(1) No action or proceeding is open to objection on the ground that a merely declaratory judgment, . . . is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, . . . of the construction of any . . . contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment, . . . if it appears that the judgment, . . . would not terminate the controversy or some part thereof, giving rise to the proceeding.

"(2) . . . if a declaration of rights is the only relief asked, the case may be set for early hearing as in the case of a motion.

"(3) If further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction. . . ." (Ill Rev Stats (1965) c 110, par 57.1.)

 Caution should be taken to keep the language of the statute within its proper perspective, proceedings thereunder being strictly remedial in nature. Declaratory judgment was designed for the single purpose of ameliorating the limited scope of available relief, caused by preexisting deficiencies in the law, by affording an additional or cumulative avenue for a judicial determination. The statute creates, accordingly, no new substantive rights. Historical and Practice Notes, SHA (1956) chapter 110, § 57.1. To that end, and in the interests of foster-

ing the proper administration of justice, the availability of relief under our Act has benefited from a liberal interpretation by the courts to the extent that consequential relief such as money damages, accountings and the like has been conferred in many cases. Central Ice Cream Co. v. Universal Leaseway System, 20 Ill App2d 145, 155 NE2d 324 (1958); Trossman v. Trossman, 24 Ill App2d 521, 165 NE2d 368 (1960); Crerar Clinch Coal Co. v. Board of Education, 13 Ill App2d 208, 141 NE2d 393 (1957).

■ That the construction and/or adjudication of the validity of a personal service contract, such as the one at bar, can be made the proper subject of inquiry in a declaratory judgment action, while itself not specifically enforceable, we think can fairly be said to be within the spirit and purview of paragraph (1) of our Act: 2 Anderson, Declaratory Judgments, (1951) § 587, p 1316; 22 Am Jur2d Declaratory Judgments, § 58, p 917, that is provided, of course, that an actual or justiciable controversy is first shown to exist. Ill Rev Stats (1965) chapter 110, par 57.1(1), 26 CJS, Declaratory Judgments, § 56, p 155.

■ Defendant submits, nonetheless, that by virtue of the permissive language of the initial sentence of paragraph (1), it was within the discretion of the trial judge to dismiss plaintiff's complaint. With that proposition this court must take exception for its failure to recognize the basic distinction between the court's refusal to grant declaratory relief, and its refusal to entertain the action in the first instance. As to the former, defendant is correct as the court, in its discretion, can decline to grant relief even though, under the facts presented, the statute is sufficiently broad to authorize judgment. Kitt v. City of Chicago, 415 Ill 246, 112 NE2d 607 (1953); Goodyear Rubber Co. v. Tierney, 411 Ill 421, 104 NE2d 222 (1952).

■ ■ As to the latter however, a contrary rule obtains. When confronted by a motion to dismiss, unless it

389

would appear that the plaintiff is entitled to no relief on the provable stated facts, his complaint must be sustained. A complaint for declaratory judgment which recites in detail an actual and legal controversy between the parties and prays for a declaration of rights as well as other legal relations, states facts sufficient to constitute a good cause of action. Greene v. Gust, 26 Ill App2d 2, 167 NE2d 438 (1960). Cf. Mr. Justice Spivey's dissent in Wolf v. Solem, 26 Ill App2d 262, 167 NE2d 820 (1960).

█ The distinction noted, our examination of the complaint at bar reveals that no request for a determination of the validity or construction of any ambiguous provisions of the contract is contained therein. Rather, plaintiff simply requests a declaration of his status as a discharged employee, together with consequential money damages. In this regard, plaintiff's allegations of attempted, but legally ineffectual, termination of the contract are, patently, conclusions of law by him and, under well settled rules of practice, not admitted by the motion to dismiss. Awotin v. Abrams, 309 Ill App 421, 33 NE2d 179 (1941).

█ We further observe that the averments of attempted termination in the complaint are inconsistent with the pronounced intent of defendant's letter of termination (attached to the complaint as Exhibit A), which document, in explicit terms, informs plaintiff of his discharge and insists that he vacate his office immediately. Where, as here, the action is one for declaratory judgment predicated upon an alleged "attempted termination" of a personal service contract, the action is founded in part, at least, upon the purported ineffectual notice of discharge. The writing then is more than evidentiary, and hence within the realm of application of Ill Rev Stats (1965) chapter 110, par 36. When such an exhibit is relied upon as a basis for recovery and there exists a discrepancy between the allegations of the complaint and the

substance of the exhibit, the latter controls and will be accepted as the factual basis for the complaint. Benner v. Hudelson Baptist Home, 24 Ill App2d 256, 164 NE2d 252 (1960).

 Stripped then of its legally deficient and inconsistent allegations, the complaint discloses no uncertainty as to plaintiff's present and existing status under the contract. The contract was at an end, notwithstanding plaintiff's averred willingness to continue to perform by its terms. An action for declaratory judgment was unknown to the common law, and is one which is said to be neither legal nor equitable, but sui generis. As such, while itself liberally construed, its provisions must be strictly complied with. Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE2d 139 (1950). The complaint, accordingly, is legally insufficient unless it contains allegations which bring the case within the statute authorizing such a judgment. Saline Drainage Dist. v. Sanitary Dist., 399 Ill 189, 77 NE2d 158 (1948).

 The contractual relationship having been severed, the only bona fide issue presented by the complaint was whether or not plaintiff's discharge was justified, a question reserved for a traditional action ex contractu. The Act was not designed to supplant existing remedies. Consequentially, an action brought under it is one which is properly dismissed on motion where there has theretofore accrued another existing and well recognized form of action. Stern v. Material Service Corp., 44 Ill App2d 198, 194 NE2d 511 (1963) ; 16 ILP, Declaratory Judgments, § 2, p 69. The provision in the contract for 5% of net annual profits does not, by itself, offer any unique circumstance warranting a contrary conclusion. It was and is compensable in a traditional action/s at law, which recourse, by the language of the order below, plaintiff is not foreclosed from asserting. By the court's reservation of jurisdiction, declaratory judgment in the instant

case would only have assured a judgment in advance of a determination of its magnitude, and thus, not to any persuasive degree, facilitated a more efficient administration of the matter. In either event, the cause would be demanding of piecemeal application to the respective court.

Plaintiff now by his complaint seeks not to have his present rights in an existing contract declared in a preventative fashion, rather he endeavors to have them enforced and executed after the fact. He has shown no actual and present controversy in its true sense. See City of Flint v. Consumers Power Co., 290 Mich 305, 287 NW 475 (1939), decided under Mich Comp Laws 1929, § 13903, which is essentially in conformity with the provisions of paragraph (1) of the Illinois statute. Historical and Practice Notes, SHA (1956) chapter 110, § 57.1.

■■■ Had plaintiff sued at common law he would have had a duty to mitigate damages and been barred from recovery of any sums becoming due after the date of trial. Corby v. Seventy-One Hundred Jeffery Ave. Bldg. Corp., 325 Ill App 442, 60 NE2d 236 (1945); 17 ILP, Employment, § 27, pp 393–394. By his instant action, plaintiff would have no duty to mitigate, enjoy a prompt hearing on the merits under paragraph (2) of the Act, and gain immediate access to one judgment for all sums due or to become due under the contract in excess of three years in advance of that contract's expiration date. We do not believe that our statute was intended as the agency for such advantage, nor can we lend countenance to plaintiff's change of the applicable substantive law by his simple choice of forums. American Automobile Ins. Co. v. Freundt, 103 F2d 613 (7th Cir) (1939).

Finally relative to plaintiff's contention that the restrictive covenant in the contracts necessitates a declaration of his rights, of itself, this court can find no merit, as the complaint makes no request for relief therefrom.

For the above reasons, the order dismissing the complaint is affirmed.

Order affirmed.

BURKE and BRYANT, JJ., concur.