2 Ill. App.3d 142 (1971)
276 N.E.2d 1
CHARLES JERE ALBRIGHT, Plaintiff-Appellee,
v.
LOUIS A.M. PHELAN, et al., Defendant-Appellant.
No. 55264.
Illinois Appellate Court  First District.
October 20, 1971.
*143 Miller, Hickey & Close, of Rockford, and Richard F. McPartlin, of Chicago, for appellant.
Coghlan & Joyce, and William J. Nellis, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE BURMAN delivered the opinion of the court:
Plaintiff, Charles Jere Albright, instituted an action for declaratory judgment on November 25, 1968, alleging that defendant, Louis A.M. Phelan, had breached two contracts executed with plaintiff and had conspired with other defendants not involved in this appeal to deprive plaintiff of the benefit of those agreements. Plaintiff sought a declaration regarding the validity of the contracts and the rights and obligations of all interested parties, damages and an injunction to restrain defendants from interfering with plaintiff's contractual rights. Defendants moved to dismiss the complaint on the ground that the complaint failed to set forth allegations necessary to bring the action within the provisions of the Declaratory Judgments Act. (Ill. Rev. Stat. 1969, ch. 110, par. 57.1.) This motion was denied on February 14, 1969. Defendants filed an answer to the complaint, and the cause proceeded to trial without a jury. During the course of the extended trial, the defendants moved to dismiss the complaint at the close of plaintiff's evidence and again at the close of all the testimony on the ground that resort to declaratory judgment procedures under the allegations of the complaint and the evidence was improper. Both motions were denied. Judgment for plaintiff was entered and the defendant Louis A.M. Phelan appeals.
The defendant appeals solely from the orders of the trial court denying the motions to dismiss the complaint. He has not included the record of the trial and does not assign as error the sufficiency of the evidence. The record shows that the defendant conceded during the entire proceedings that plaintiff's complaint did state a cause of action. Thus the sole issue before us is whether the trial court abused its discretion in denying the motions of the defendant to dismiss the complaint on the ground that it *144 did not set forth a proper case for relief under the Declaratory Judgments Act.
Defendant argues that where a cause of action has already accrued which is justiciable in a well recognized and traditional form of action, a suit for declaratory relief may not be maintained. He contends that the instant case is one which could have been readily resolved in an action for breach of contract and therefore, the trial court ought to have dismissed the declaratory judgment suit. Although the rule for which defendant contends may find proper application in some cases, for reasons to be stated, we do not believe that this is such a case.
In Count I of the complaint plaintiff alleged in substance that he invented a pressure-fryer machine and a method of cooking foods therein and applied for patents; that on May 8, 1968, he entered into a contract with Phelan wherein at the request of Phelan he disclosed his invention to him in strict confidence and Phelan agreed to pay him the sum of $10,000 in advance, and that he agreed to grant Phelan a single and nonrenewable option to purchase all of his rights and interest in those inventions. The complaint further alleged that a prior agreement between the parties had been executed on December 12, 1967. Copies of both contracts were attached as exhibits. Under the contract of December 12, 1967, plaintiff agreed to assign to defendant his patent applications for a food broiling apparatus and for facilities for cooking and assembling portioned food products, and defendant agreed to provide or license appropriate concerns to manufacture and market such devices and to pay plaintiff a 3% royalty of net sales or a minimum annual royalty of $30,000. Plaintiff alleged that he had complied with all the terms and conditions of the two contracts, but that defendant Phelan had breached the contracts and had wilfully conspired with others to deprive him of the benefit of the agreements and was in default. Plaintiff prayed that the declaratory judgment provisions of the statutes be invoked for determination of the matters at issue, including the rights of all parties under the contracts and the amount of damages due him. In Count II, plaintiff repeated the allegations made in Count I and asked that the defendants be restrained from interfering with his contractual rights.
Defendant moved to dismiss the complaint, which motion was denied. He then filed an answer denying that plaintiff was an inventor and had invented the claimed devices. He also denied that the contracts dated May 8, 1968, and December 12, 1967, and attached to the complaint were the same ones he had signed, and alleged that because of his poor eyesight he was unable to read the agreements and that plaintiff read different agreements to him which he signed. The cause proceeded to trial. During the course of trial, defendant made two more motions to *145 dismiss, both of which were denied. After the conclusion of the trial, plaintiff filed an amended complaint repeating in substance the allegations made in the original complaint, but making specific charges against Phelan's co-defendants. Defendants filed an amended answer. The court entered judgment for plaintiff, in which it declared, in part, that the contract of December 12, 1967, was valid and enforceable; that plaintiff and defendant were entitled to specific performance of the contract; that Phelan had right, title and interest to the patent applications, and that defendant owed plaintiff $75,000 in royalty payments. The court also ordered defendant to pay plaintiff the 3% royalty of net sales as specified in the contract and enjoined the defendants from interfering with plaintiff's contractual rights.
The defendant argues that the issue is one that could have been readily resolved by resort to an action at law for breach of contract; that declaratory judgment will not be granted under the provisions of the Declaratory Judgments Act where a cause of action has already accrued which is justiciable in a well recognized and traditional form of action; that the complaint does not seek to have present rights in an existing contract declared in a preventative fashion, but, rather, seeks to have them enforced and executed after the fact, and that the complaint discloses no uncertainty as to plaintiff's present and existing status under the terms of the contract and discloses no ambiguity of its terms. In other words, the defendant insists that the suit in fact is for damages based on a breach of contract which has already accrued and therefore is not a proper subject for a declaratory judgment action.
The Declaratory Judgments Act provides that "no action or proceeding is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including * * * the construction of any * * * contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy."
 1 We recognize that the existence of another remedy has an important bearing upon the question of whether declaratory relief will be granted to the parties. In its most recent decision dealing with the question, the Supreme Court stated that in its opinion the words of the statute indicate that the statute was not intended to bar an action for declaratory judgment merely because of the existence of alternative available forms of relief. (Kupsik v. City of Chicago, 25 Ill.2d 595, 185 N.E.2d 858.) Justice Schaefer speaking for the Court stated, "In the *146 early days of the declaratory judgment in this country, some courts held that a declaration of rights could not be had if any of the ordinary forms of relief were available. (See Borchard, Declaratory Judgments, Chap. VI.) To avoid such a result, our statute, like the Uniform Declaratory Judgments Act, makes it clear that a declaratory judgment is not precluded by the availability of other relief. (Ill. Rev. Stat. 1961, ch. 110, par. 57.1; Uniform Declaratory Judgments Act, sec. 8; 9A Uniform Laws Ann., p. 204.) The declaratory judgment has thus become an optional alternative remedy." (p. 598)
In the Historical and Practice Notes to the Act, Ill. Ann. Stat. 1968, ch. 110, par. 57.1, Messrs. Jenner and Tone make the following statement regarding the purpose of the Act:
"The remedy is not designed to supplant existing remedies, nor afford a new choice of tribunals. It supplies a new form of relief where needed. It is designed to afford security and relief against uncertainty with a view to avoiding litigation, rather than in aid of it, and to settle and fix rights before there has been an irrevocable change of position of the parties in disregard of their respective claims of right, and thus promote peace, quiet and justice, with the end always constantly in view that one of the chief purpose is to declare rights rather than to execute them." (p. 128)
Defendant argues that plaintiff does not seek to have his rights declared in a preventative fashion, but rather to have them executed after the fact. It seems clear to us, however, that by invoking the declaratory judgment form of action, plaintiff has furthered the statutory purpose of settling and fixing the rights of the parties and avoiding future litigation. Moreover, Messrs. Jenner and Tone state that "declaratory relief may be had as well after as before the stage of relief by coercion has been reached." (p. 127)
In Koziol v. Village of Rosemont, 32 Ill. App.2d 320, 177 N.E.2d 867, we said, "Actions brought under the Declaratory Judgments statute are neither legal nor equitable, but sui generis. The statute provides for the entry of a declaratory judgment, decree or order, which takes the character of the nature of the relief declared. (Freeport Motor Cas. Co. v. Tharp (1950), 406 Ill. 295, 299, 94 N.E.2d 139.) The scope of the declaratory judgment remedy should be kept wide and liberal and not restricted by technicalities. The important point is the right and duty of the courts to grant declaratory relief where, in the interests of the proper administration of justice, it ought to be granted regardless of how the particular action in which the declaratory relief is sought, may be classified. Declaratory relief is not `defeated by the mere existence of another form of action which could presently be employed' * * * *147 The tendency seems to be to liberalize the use of the declaratory judgment action and for the court to take jurisdiction, notwithstanding there is an adequate remedy by some other means. If there is no particular reason for denying the use of the Declaratory Judgment statute, even though the case presented may come within the scope of some other remedy, the declaratory judgment action should still be used." (pp. 327-8)
In LaSalle Cas. Co. v. Lobono, 93 Ill. App.2d 114, 236 N.E.2d 405, the trial court dismissed a declaratory judgment suit on the ground that there was an adequate remedy at law. In reversing, the Appellate Court said, "That an adequate legal remedy exists is not grounds for refusing to entertain a complaint for declaratory judgment as the mere existence of another form of remedy does not necessarily preclude judgment." (p. 118.) See also Elm Lawn Cemetery Co. v. City of Northlake, 94 Ill. App.2d 387, 237 N.E.2d 345, and Young v. Hansen, 118 Ill. App.2d 1, 249 N.E.2d 300.
The defendant relies heavily on Goldberg v. Valve Corp. of America, 89 Ill. App.2d 383, 233 N.E.2d 85. In that case, plaintiff commenced an action for a declaration of rights under the terms of a written contract of employment and appealed from an order striking his complaint for failure to state a cause of action for declaratory relief. The Appellate Court in affirming stated that the Complaint did not disclose any uncertainty as to plaintiff's present and existing status under the contract. The Court held that "the contractual relationship having been severed, the only bona fide issue presented by the complaint was whether or not plaintiff's discharge was justified, a question reserved for a traditional action ex contractu." (p. 391) In the case at bar, an actual controversy existed as to whether the alleged contracts were entered into by the parties and as to plaintiff's rights and defendant's obligations. Plaintiff properly sought to have his rights declared and to prevent future contractual breaches by the defendant. The fact that plaintiff requested money damages or other incidental relief did not diminish the availability of declaratory relief. (Greene v. Gust, 26 Ill. App.2d 2, 167 N.E.2d 438.) Moreover, in Goldberg, the plaintiff sought to avoid the duty to mitigate his damages by choosing the declaratory form of action. Plaintiff, in the instant case, sought no such advantage under the substantive law.
In Goodyear Rubber Co. v. Tierney, 411 Ill. 421, 104 N.E.2d 222, plaintiff filed a petition for declaratory judgment to declare that certain tax assessments were invalid and void. After a trial, the Court found that the petitioner had not exhausted his statutory legal remedies and dismissed the petition. In affirming, the Supreme Court held that plaintiff *148 had an adequate remedy under the Revenue Act which he should have pursued in questioning the legality of the assessments. In Amer. Civil Liberties Union v. Chicago, 3 Ill.2d 334, 121 N.E.2d 585, the Supreme Court emphasized that the rule announced in Goodyear was fashioned for actions challenging the validity of tax assessments. The Court said of its decision in Goodyear, "We there held only that a plaintiff desiring to challenge the validity of a tax assessment must pursue the statutory remedies provided by the Revenue Act * * * The case in no way suggests that an action for declaratory relief is defeated by the mere existence of another form of action which could presently be employed." (p. 353)
 2 In Trossman v. Trossman, 24 Ill. App.2d 521, 165 N.E.2d 368, the dismissal of a complaint seeking declaratory relief was reversed and remanded. The Court found that a concrete justiciable cause of action existed and that the dispute was more than merely hypothetical and abstract. The defendant finds comfort in the dictum of the Appellate Court that "it is also the law that since the declaratory judgment statute was not designed to supplant existing remedies declaratory relief as a general rule will not be granted for a cause of action which has already accrued which is justiciable in a well-recognized form of action. 16 I.L.P., Declaratory Judgments, sec. 2. It would seem to be clearly apparent that if an action for declaratory judgment could only lie when some other legal remedy was available, the passage of the Act would have been idle. Between Scylla and Charybdis there is a narrow but plain channel." (p. 526) We believe that in a proper case the aforementioned rule could prevail. In the instant case, however, where an actual controversy regarding the validity of the contracts and the parties' rights and obligations under them existed, a declaratory judgment action could best serve to fix the rights of the parties and avoid future litigation. We believe that a proper case for declaratory relief was presented.
For the reasons stated, the judgment of the Circuit Court is affirmed.
Judgment affirmed.
ADESKO, P.J., and DIERINGER, J., concur.