No. 12,238.

CITY AND COUNTY OF DENVER v. DENVER LAND COMPANY.

Decided January 28, 1929. Rehearing denied February 18, 1929.

Mr. THOMAS H. GIBSON, Mr. CHARLES H. HAINES, for plaintiff in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. MORRISON SHAFROTH, Mr. WARWICK M. DOWNING, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

We are asked to review a decree of the district court rendered in an action or proceeding brought under our so-called declaratory judgments statute, Session Laws 1923, chapter 98, p. 268. The controversy grows out of a contemplated plan of the defendant city to create a storm sewer district, within its boundaries, and to assess the cost of its construction upon all the real estate situate therein by levying a tax thereon strictly in proportion to "area," which means that each piece or lot of real estate in the district is to be assessed in proportion as the area thereof is to the total area of the proposed district, exclusive of its streets and alleys; and not on the so-called "benefit" plan, which is an assessment on any particular lot or parcel of land within the district in a sum not in excess of the benefit thereto, or the enhanced value thereof, by reason of the improvement.

The proposed plan has long been, and still is, under consideration by the city and is now only in a preliminary stage of development. Because of doubts and uncertainties which have arisen as to the meaning and effect of the pertinent provisions of the city charter and ordinances, the city hesitates to consummate the proposed plan by the enactment of an appropriate ordinance—by which only may any plan be adopted—and the doing of certain other things which its organic law and ordinances require in such cases. Therefore, probably by a common understanding, or in pursuit of some definite arrangement between these parties, the plaintiffs, owners of real estate situate in the district, and who claim and assert in their complaint that the proper plan to be adopted in assessing the costs of a public improvement in the city of Denver is the "benefit" plan, and not the "area" plan, have brought this action, under our declaratory judgment

act—to which the city offers no objection but acquiesces therein—wherein they seek to have this court issue its declaration determining whether or not an ordinance of the city, which is merely in contemplation and which has not been adopted would be, if enacted, valid. This statute has been before this court in the case of *Gabriel v. Board of Regents of the University,* 83 Colo. 582, 267 Pac. 407, wherein was sought a declaration whether an agreement, which had been entered into by the Board of Regents of the University with a private individual, was, or was not, valid. In that case, which is analogous to the case in hand, we affirmed a judgment of the district court which refused to give an answer to the proposed inquiry. Section 2 of the declaratory judgment act provides that any person interested therein may have determined any question of construction or validity arising under an ordinance or franchise. And section 6 provides that the court may refuse to render a declaratory decree where the decree rendered would not terminate the uncertainty or controversy giving rise to the proceeding. Section 11 requires all persons to be made parties who have or claim any interest that would be affected by the declaration.

There are some other provisions of the act which bear more or less upon the question now before us, but the citations already made show clearly that the courts should not assume jurisdiction or render a declaratory judgment in the case as made by this complaint. The district court in its opinion, brought up in the record, stated that there was a grave doubt in its mind whether the pleadings in this case present a situation which calls for a declaratory judgment, since no ordinance has yet been passed, and the only work done in connection with the plan is in a preliminary stage, and that no question of construction or validity had arisen, as that term is interpreted by us in the Gabriel case, and also in the case of *Mulcahy v. Johnson,* 80 Colo. 499, 252 Pac. 816, where, in a similar case, though not under this statute, we so declared. The district court, however, because the

objection was not raised by the defendant, proceeded to make a declaration that the proposed area plan was not valid, and provided in its decree that if the improvement was carried out it should be on a modified area plan combined with the benefit plan.

We think the decree below should not stand. It is undisputed that the defendant city itself has not yet reached a conclusion as to whether or not it will enact an ordinance approving of the area plan which has been recommended by its manager of public improvements. If an ordinance be introduced in the council to adopt the proposed plan, the council may or may not accept it, and no plan for a public improvement is legal until, among other things, the council by ordinance so enacts. The only parties before this court in this action are the defendant city, which has in contemplation the adoption of a public improvement, the cost of the construction of which contemplates an assessment upon property therein on the area plan, and plaintiffs, owners of property within the district, and they are opposed to the area plan and favor the benefit plan which only, they say, is valid. The complaint itself alleges that there are many owners of property within the district who are in favor of the area plan. They are not parties to this action and they would not be bound by any judgment we might render. To pronounce a declaratory judgment in this case, when parties who favor the area plan would not be bound thereby, would be not to save costs or time. To determine here which of the two plans should be adopted by the city would or might give rise to a flood of litigation, instituted by property owners within the district not parties to this proceeding who object to the benefit plan and insist upon the adoption of the area plan. Such a proceeding as this is unauthorized under the existing facts. Desirable as it might be to have an announcement of this court upon this question, it would be improper for us to decide it in the absence of the necessary parties. In no event should a declaration be issued until final action has been taken by

the city authorities, and we do not say that even then we would entertain such an action.

The judgment is therefore reversed with instructions to .the district court to dismiss the action at the costs of the plaintiffs.

All the Justices concurring.