No. 15,893.

ESTATE OF EDMUNDSON.
EDMUNDSON *v.* ALLEN, EXECUTRIX.
(183 P. [2d] 985)

Decided August 11, 1947.

Mr. FOSTER CLINE, for plaintiff in error.

Mr. LOWELL D. HUNT, for defendant in error.

Mr. SAMUEL JANUARY, guardian ad litem.

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error as widow of George R. Edmundson, deceased, filed her petition on April 21, 1945, alleging decedent's ownership of residence property upon which a homestead entry had been made by petitioner and the continued residence thereon by petitioner, and praying for entry of an order by the court, "decreeing to your petitioner a homestead right in said property, and that said property is not subject to any claim of creditors of the deceased or heirs while the same is occupied by your petitioner as a home."

After hearing upon that petition, the court entered judgment containing a scholarly inquiry into the law concerning homesteads and ordering in certain contingencies the sale of the homestead property and different methods of disposition of the proceeds dependent upon certain other contingencies. Upon trial de novo in the district court, it adopted the findings and the judgment of the county court. The widow here seeks review.

In Colorado homestead rights are the creatures of statute and not of decree of the county court, and no

issue is here presented requiring interpretation of the statutes. It appears from the meager record before us that no claim, except that of petitioner for her widow's allowance, has been allowed, that no appraisal has been made and no petition for sale of property filed. Whether there be other creditors whose claims may be allowed, and if so, whether such claims may be in excess of the other assets of the estate so that claim thereunder may be made against the homestead property, or whether the widow may assert her right to widow's allowance against the homestead property cannot be foretold. Since the homestead property appears to be the subject of an uncontested devise, it is not likely that any issue concerning the same will arise with heirs as such, and no issue between the widow and the other devisees concerning the homestead has yet been asserted. The jurisdiction of the court to enter declaratory judgments does not properly extend to entering advisory judgments as to hypothetical issues which may never arise, between parties who are not properly before the court. If, and when, a specific controversy involving rights to the homestead is properly presented to the court, such issue may then be determined.

Accordingly, we must hold that the petition filed by the widow and the evidence adduced in support thereof are not sufficient to entitle her to relief; that the court, in the present state of the record, erred in making any order for sale of the homestead property or disposition of the proceeds thereof and that insofar as the order of the court decreed such sale or disposition of the proceeds or attempted to determine any rights of the parties, the judgment is reversed and the case remanded with directions merely to deny the petition.

Mr. Justice Hilliard not participating.

Mr. Justice Luxford dissents.