No. 17,213.

CHAMPION ET AL. *v.* CITY OF MONTROSE.
(263 P. [2d] 434)

Decided November 16, 1953.

Messrs. STRANG, LOESCH & KREIDLER, for plaintiffs in error.

Messrs. MOYNIHAN, HUGHES & BJELLAND, for defendant in error.

Mr. JOHN P. O'ROURKE, amicus curiae.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

Two actions, filed by different plaintiffs, all resident taxpayers in the City of Montrose, against the same defendant, City of Montrose, were, in the lower court, consolidated for trial. In action No. 7007 the parties appear here as in the trial court and will be similarly designated. In the other action no appearance is entered herein, but counsel therein filed a brief herein as amicus curiae.

Plaintiffs in said actions sought declaratory judgments under Rule 57 (b), R.C.P. Colo. against defendant, City of Montrose, to have declared invalid its ordinances Nos. 258, 259, 266, 279 and 307, all relating to a local improvement district, and to restrain future contemplated actions thereunder by defendant city. By ordinance No. 258 a local street improvement district was sought to be created. Since its creation the district for seven years has been operating, making extensive city improvements thereunder, expending large sums of money, issuing original bonds of $140,000, and levying property assessments therefor, all of which original bonds being, at the commencement of this suit, fully paid except one bond of $1,000.

Plaintiffs allege that defendant, City of Montrose, contemplates further street improvements and the further issuance of bonds therefor under said ordinances, but allege no action yet taken so to do.

Defendant filed its motion to dismiss the complaint; also its motion to consolidate the two actions. The motion to dismiss was not ruled on, but the motion to consolidate was granted. The two consolidated cases were tried to the court and combined findings of fact and judgments were entered. In the present case, No. 7007,

476

the judgment was for defendant against plaintiffs, the ordinances in question being declared valid, to review which judgment a writ of error was duly issued.

Defendant city by answer admitted all the allegations of the complaint. Plaintiffs do not question the regularity of passage of said ordinances, but only whether they are valid under defendant city's charter section 57, and did they create an improvement district within defendant city.

From the record herein it appears that plaintiffs seek two objectives: 1. To have the ordinances as adopted declared to be invalid; 2. To have some future contemplated actions of the City of Montrose declared to be a controversy or uncertainty for determination by a declaratory judgment.

■ This was not a class action intended to include other parties similarly situated; nor were any holders of bonds under said ordinances made parties herein. The ordinance purporting to create the improvement district was passed March 21, 1946, and the companion and amending ordinances shortly thereafter. Under the ordinances defendant city engaged in activities for seven years. During said period, if plaintiffs considered the ordinances invalid, they could have invoked injunction proceedings to enjoin enforcement. Further, it appears that necessary parties to the action were wanting, being other parties similarly situated, also the holders of bonds issued and sold under said ordinances whose interests were involved.

As to the future contemplated acts of defendant city, they present no grounds for a declaratory judgment action. *Gabriel v. Board of Regents of the University of Colorado*, 83 Colo. 582, 267 Pac. 407; *City and County of Denver v. Denver Land Co.*, 85 Colo. 198, 274 Pac. 743; *Montgomery v. City and County of Denver*, 102 Colo. 427, 80 P. (2d) 434.

The questions presented here are not within the purview of the Declaratory Judgment Act, and, therefore,

the trial court erred in not granting defendant city's motion to dismiss the complaint. Disposition of other questions raised by the record now becomes unnecessary, and are not determined.

The judgment is reversed and the cause remanded with directions to dismiss the complaint, defendant in error to recover its costs.