## No. 18,004.

W. P. SHOTWELL *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, LOCAL LODGES NOS. 59, ET AL.

(319 P. [2d] 484)

Decided July 22, 1957.   Rehearing denied January 13, 1958.

Mr. THOMAS K. HUDSON, Mr. ROBERT E. HOLLAND, for plaintiff in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. HAROLD C. HEISS, for defendants in error A. J. Chipman and others.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error, plaintiff in the trial court claiming to be acting in his own behalf and also in behalf of all other members of local 859 Brotherhood of Locomotive Firemen and Enginemen, sought through his second amended complaint to obtain a declaratory judgment defining the seniority rights of himself and other members of Lodge #859, former employees of The Denver and Salt Lake Railway Company (that company having been merged with the Denver and Rio Grande Western Railroad Company in 1957) as against claimed seniority rights of members of other lodges whose members are and have been employees of the Denver and Rio Grande Western Railroad. Plaintiff alleges that:

"Immediately upon the merger of the two companies and subsequent thereto * * * various contracts and agreements were entered into affecting the seniority rights of the Denver and Salt Lake Firemen and Enginemen, said contracts and agreements having been voted upon by the Denver and Rio Grande Western Railroad Company firemen and enginemen and the Denver and Salt Lake firemen and enginemen.

"That by and through said voting and contractual and Brotherhood devices and manipulations * * * members of Lodge No. 859 * * * have been relegated to a junior

position regarding seniority rights over the trackage of the former Denver and Salt Lake Railroad Company."

Plaintiff further alleges that he has exhausted all rights granted to him by the Constitution of the Grand Lodge of the Brotherhood of Locomotive Firemen and Enginemen to have seniority rights of members of Lodge No. 859 determined superior to the rights of firemen and enginemen employed by the Denver and Rio Grande Western Railroad Company on the trackage of the former Denver and Salt Lake Railroad Company, and that said Grand Lodge had capriciously and arbitrarily denied plaintiff's claim.

Defendant, Denver and Rio Grande Western Railroad Company, though served with summons and amended complaint only, did not appear or answer. Other defendants who were served filed their motion to dismiss on the ground that the second amended complaint fails to state a claim upon which relief can be granted.

This motion was sustained and plaintiff's second amended complaint dismissed. Plaintiff is here by writ of error contending the judgment of dismissal is error.

█ We think the judgment of the trial court was correct. Plaintiff's complaint does not allege any facts upon which a finding or judgment, declaratory or otherwise, could be founded. It does not set forth the various contracts, constitution, by-laws, devices or manipulations upon which he relies and by which he contends that his rights have been impaired. He does not even plead the legal effect of such documents or devices. It appears that plaintiff's rights, whatever they may be, arise out of his membership in the Brotherhood. The complaint does not allege the nature or extent of those rights or anything done by the Brotherhood or its officers in derogation thereof. There is no allegation stating the nature or extent of plaintiff's injuries or the damages resulting from the acts of defendants or whether they are past, present or prospective. It appears that the membership of all the lodges involved, including the plaintiff and

other members of Local 859 voted on the contracts and seniority question and adopted the measures of which plaintiff now complains. He asserts nothing that would authorize or justify the courts in overriding the proceedings of a majority of the membership of the organization involved, taken pursuant to their rules and regulations. Counsel for plaintiff take the position that a complaint for a declaratory judgment need not state a claim upon which relief could be granted; that such complaint is "not subject to a motion to dismiss for failure to state a claim upon which relief could be granted."

This Court has held to the contrary.

In *Gabriel v. Board of Regents of the University of Colorado,* 83 Colo. 582, 267 Pac. 407, the trial court sustained a demurrer to plaintiff's complaint on the "grounds of *insufficient facts and want of jurisdiction."* This demurrer was equivalent to motion to dismiss under R.C.P. Colo. The judgment of the trial court in sustaining the demurrer was affirmed.

In *Champion v. City of Montrose,* 128 Colo. 474, 263 P. (2d) 434, plaintiff sought a declaratory judgment. Defendant city filed a motion to dismiss which the trial court did not rule upon. In reversing the trial court we said:

. "The questions presented here are not within the purview of the declaratory judgment act, and therefore, the trial court erred in not granting defendant city's motion to dismiss the complaint."

▉ Finally, the compelling reason for dismissing the action is that it affirmatively appears from the complaint that the controversy sought to be resolved, if controversy there be, is one within the exclusive jurisdiction of the National Railroad Adjustment Board and in an area in which the courts lack jurisdiction.

*Slocum v. Del. L. & W. Railroad Company,* 339 U.S. 239, 70 S. Ct. 577, is decisive of the question. In that case the New York courts had entered a declaratory judgment interpreting certain collective bargaining agree-

ments existing between the unions and railroad. The judgment had been affirmed by the New York Court of Appeals, 299 N.Y. 496, 87 N.E. (2d) 532. The United States Supreme Court granted certiorari and reversed the judgment on the ground that the court had no jurisdiction, jurisdiction resting exclusively with The National Railroad Adjustment Board. The Railway Labor Act, 45 U.S.C. 153, outlines in detail procedure to be followed in disputes arising under collective-bargaining agreements. In holding this procedure as exclusive the court said:

"Instead of invoking the jurisdiction of the Adjustment Board, the railroad filed this action for declaratory judgment in a New York state court naming both unions as defendants. It prayed for an interpretation of both agreements, and for a declaration that the Clerks' agreement, not the Telegraphers', covered the jobs in controversy. It also asked for a declaration that the Telegraphers must refrain from making similar claims under its bargaining agreement. Telegraphers moved to dismiss the case on the ground that the Railway Labor Act left the state court without jurisdiction to interpret the contracts and adjudicate the dispute. * * *

\* \* \*

"The paramount importance of having these chosen representatives of railroads and unions adjust grievances and disputes was emphasized by our opinion in *Order of Conductors v. Pitney,* supra [326 U.S. 561] There we held, in a case remarkably similar to the one before us now, that the Federal District Court in its equitable discretion should have refused 'to adjudicate a jurisdictional dispute involving the railroad and two employee accredited bargaining agents * * *.' Our ground for this holding was that the court 'should not have interpreted the contracts' but should have left this question for determination by the Adjustment Board, a congressionally designated agency peculiarly competent in this field. 326 U.S. at 567-568. This reasoning equally supports a

denial of power in any court — state as well as federal — to invade the jurisdiction conferred on the Adjustment Board by the Railway Labor Act.

\* \* \*

"We hold that the jurisdiction of the Board to adjust grievances and disputes of the type here involved is exclusive. The holding of the *Moore* case [Moore v. Illinois Central RR Co., 312 U.S. 630] does not conflict with this decision, and no contrary inference should be drawn from any language in the *Moore* opinion. It was error for the New York courts to uphold a declaratory judgment interpreting these collective bargaining agreements. \* \* \* "

See also: *Emmons, et al. v. Grand International Brotherhood of Locomotive Engineers, et al.,* 340 Mich. 368, 65 N.W. (2d) 736; *Hippensteel v. System Federation No. 9, Ry. Employees' Department of Chesapeake & Ohio Ry. Co., et al.,* 337 Mich. 251, 59 N.W. (2d) 278.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HOLLAND and MR. JUSTICE KNAUSS not participating.