## West Manchester Township v. March

*Harry C. Elsesser, Jr.,* for plaintiff.

*Horace E. Smith* and *Thomas H. Reed,* for defendant.

ANDERSON, P. J., December 15, 1958.—Plaintiff filed a petition for declaratory judgment on August 16, and an amended petition on August 22, 1958. Counsel for Richard P. March, one of defendants, filed objections and asks that the petition be dismissed on the grounds

that not all the necessary parties have been joined as parties defendant and that the matter involved is not one for determination by declaratory judgment. We agree with defendant's contention.

The facts involved are somewhat unique and arise as the result of the very laudatory endeavor of plaintiff to provide a sanitary sewer system for its residents. Pursuant to legal authority a resolution was passed authorizing such construction and was legally advertised. Within the 20-day period allowed, a protest was filed in the prothonotary's office on August 14, 1958, by taxpayers of the sewer district whose assessed property valuation allegedly amounted to 50 percentum of the total assessed value in the sewer district involved, which, under the Township Code, blocked and barred the sewer construction proposed under the resolution. On the same day a petition was filed in the prothonotary's office to withdraw certain names and signatures from the original petition, signed by owners of properties in the district who had signed the original protest petition. If these taxpayers were permitted to withdraw from the original petition, then it is alleged that it would not contain the names of the necessary 50 percentum of assessed valuation required for a valid protest.

In addition, in plaintiff's amended petition, it is alleged that the original protest petition contains the names in several instances of but one owner, where the property involved is owned by husband and wife as tenants by the entireties, which it is contended, should not be recognized and would result in a reduction of the assessed valuation to less than the 50 percentum required.

Plaintiff contends that the court should determine these questions of fact and make an adjudication as to the validity of the protest petition. We do not deem

this a proper situation for the application of a declaratory judgment which is discretionary with the court. "We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for declaratory judgment or decree is purely a matter of judicial discretion": Eureka Casualty Company v. Henderson, 371 Pa. 587, 591 (1952).

The question arises, therefore, whether under the facts here presented, judicial discretion would be wisely exercised if plaintiff's petition were granted. One of the chief objectives which declaratory judgment procedure was aimed to accomplish was the furnishing of an expeditious remedy for the settlement of claims, which, in the words of the statute, "indicate imminent and inevitable litigation," to settle controversies which, for some reason or other, could be determined more advantageously if settled promptly rather than at some future time when they would require adjudication " '. . . the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestion that the declaration sought will be a practical help in ending the controversy . . .' ": Lifter Estate, 377 Pa. 227 (1954).

The fundamental idea of a declaratory judgment is to afford a swift legal determination of a controversy where the facts are not greatly in dispute. It is intended as a matter of rapid convenience for all concerned and usually is resorted to in order to avoid prolonged litigation. In the instant case to determine the many questions of fact involved would seem to be time consuming rather than time saving. And even if determined and an adjudication entered, there is no assurance that the litigation would there end. There would appear to be a much more practical and economical method of definitely determining the essential

question here involved than by resorting to a declaratory judgment proceeding.

There would also seem to be merit to the objection that plaintiff has failed to join all the necessary parties. The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, sec. 11, 12 PS §841, distinctly states: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The action as instituted merely names as defendant "Richard P. March et al.," without naming defendants included under the "et al.," none of whom was served. Clearly a determination of the questions involved would affect the interest of not only those who indicate they wish to have their names withdrawn from the protest petition, but also all who originally signed the protest petition, and it is even conceivable that all taxable property owners in the sewer district would have a legal interest which would be affected. While the precise question has apparently not been ruled upon in this jurisdiction, a very similar question was ruled upon in a declaratory judgment proceeding by the Supreme Court of Colorado in City and County of Denver v. Denver Land Co., 85 Colo. 198, 274 Pac. 743, (syllabus) as follows:

"Property owners, in storm sewer district, not parties to action for declaratory judgment on validity of assessment plan, would not be bound by judgment." It should be noted that the Colorado Declaratory Judgment Act contained a paragraph precisely similar to section 11 of our own act above referred to. While this objection could probably be cured by amendment and proper service, it would be both cumbersome and expensive. For the reasons above set forth we

therefore conclude that the objections should be sustained and the proceeding dismissed.

And now, to wit, December 15, 1958, at 10 a.m., the petition and amended petition for a declaratory judgment filed by plaintiff are dismissed, with an exception.