(No. 38460.—

F. B. SLACK, Appellant, *vs.* CITY OF SALEM *et al.,* Appellees.

*Opinion filed June 18, 1964.—Modified on denial of rehearing September 25, 1964.*

ROBERT D. ALBRIGHT, of Salem, for appellant.

FREDERICK E. MERRITT, City Attorney, of Salem, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, F. B. Slack, city treasurer of the city of Salem, brought this action against the city and its governing officers to restrain the holding of a referendum election to approve or disapprove the issuance of revenue bonds authorized by the Industrial Building Revenue Bond Act. (Ill. Rev. Stat. 1963, chap. 24, pars. 11—74—1 *et seq.*) The complaint alleged that both the Act and the city's ordinance calling the election were unconstitutional` and that the expenditure of public funds to defray the cost of holding the referendum would therefore be illegal. The circuit court granted a temporary injunction, but after the defendants had answered and evidence was heard, the court dissolved the injunction and entered an order finding the Act and ordinance constitutional in all respects. Plaintiff has appealed directly to this court.

The declared purpose of the Act is "to relieve conditions of unemployment, to aid in the rehabilitation of returning veterans, and to encourage the increase of industry within this state, thereby reducing the evils attendant upon unemployment." (Ill. Rev. Stat. 1963, chap. 24, par. 11—74—3.) The Act provides that municipalities may issue revenue bonds to finance the purchase, construction or rehabilitation of industrial buildings to be leased to industrial concerns, and it contemplates that the rents received from the lessees

of the buildings will be used to retire the bonds. Before any bonds may be issued, a majority of the qualified voters of the municipality voting at a special public policy referendum must approve their issuance. It is this election that the plaintiff seeks to enjoin, on the ground that the authorizing Act and the ordinance are unconstitutional.

The issues primarily argued by the parties are whether the Act and the ordinance authorize a lending of the city's credit in aid of a private corporation in violation of section 20 of article IV and Separate Section 2 of the Constitution of Illinois. The circuit court passed upon these and other constitutional issues, but we are of the opinion that it erred in doing so, for under long established princples it lacked jurisdiction of the subject matter presented by the complaint.

The situation in this case is precisely analogous to that which was involved in *Fletcher* v. *City of Paris,* 377 Ill. 89. There the court pointed out that the election sought to be enjoined was not an ordinary election, saying: "It is one which constitutes one of the steps necessary in the passage of the ordinance. Under the Municipal Ownership act, ordinance No. 6 could not become effective until said ordinance has been submitted to, and approved by, the voters of the city of Paris. (Ill. Rev. Stat. 1939, chap. 111⅔, par. 98.) The purpose of the election called by ordinance No. 7 was to comply with this provision of the statute. Until ordinance No. 6 should be so approved it could never become operative or effective. In order to bring into operation and effect an ordinance of the character of ordinance No. 6 it was necessary that certain steps be taken. First, such ordinance must be duly adopted and passed by the city council; second, it must be published in the manner provided by statute; third, it must be submitted to the voters of the municipality for approval, at an election called and held for such purpose; and, finally, it must be approved by the affirmative vote of

a majority of such voters voting at such election on the proposition.

"These are the fundamental requirements for the enactment of such an ordinance. No one, or any number of these fundamental requirements less than all, is sufficient. They must all concur before the ordinance becomes such, or has any validity. Until these requirements have been complied with, no action can be taken under such an ordinance. That the courts cannot interfere with the exercise of these legislative functions is too well settled to now be questioned. The courts have no more right to interfere with or prevent the holding of an election which is one step in the legislative process for the enactment or bringing into existence a city ordinance, than they would have to enjoin the city council from adopting the ordinance in the first instance.

"By the constitution, the powers of government are divided between three distinct branches of the government created by that instrument. The judiciary has no supervision over the legislative branch of the government. The courts can neither dictate nor enjoin the passage of legislation." 377 Ill. 95-96.

The referendum election that is sought to be enjoined in this case is, like the referendum involved in the *Fletcher* case, a part of the legislative process. Unless the proposal to issue bonds is favorably acted upon by the voters at the referendum election that is sought to be enjoined, the City of Salem can not issue any bonds under the Act.

The situation is not altered by the fact that the complaint in the present case sought a declaratory judgment as to the validity of the Act and the ordinance, as well as injunctive relief. As is stated in Borchard on Declaratory Judgments, 2d ed. 1941, p. 63, "But until the statute or ordinance is passed, the claim of privilege or immunity would be premature." (See *City and County of Denver* v. *Denver Land Co.* 85 Colo. 198, 274 Pac. 743; *cf. Fairchild*

v. *Hughes,* 258 U.S. 126, 129, 130, 66 L. ed. 499.) This court has no power to render advisory opinions, and until the legislative process has been concluded, there is no controversy that is ripe for a declaratory judgment. Indeed, the constitutional issues upon which the opinion of this court is sought may never progress beyond the realm of the hypothetical.

It follows that the circuit court was without jurisdiction to pass upon the constitutional issues sought to be raised. The judgment that was entered is therefore vacated, and the cause is remanded to the circuit court of Marion County with directions to dismiss the complaint.

*Vacated and remanded, with directions.*