No. 21706.

KENNETH A. HERON *v.* THE CITY AND COUNTY OF DENVER, ET AL.

(411 P.2d 314)

Decided February 21, 1966.     Rehearing denied March 14, 1966.

KENNETH A. HERON, pro se.

MAX P. ZALL, EARL T. THRASHER, ROBERT M. KELLY, for defendants in error.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

PLAINTIFF in error was the plaintiff in the trial court, where defendants in error were the defendants. They will be referred to as they there appeared, or by name.

Ordinance No. 252, Series of 1962, City of Denver, Colorado, published and republished as "Chapter 3, Permits and Inspections," Section 330, subsection (f), provides as follows:

"(f) Responsibilities for Design. Any person, firm or corporation may submit drawings and specifications in connection with an application for a permit in accord-

ance with the following limitations. For the purpose of this Chapter where the term 'architect' is used this shall mean an architect licensed by the State of Colorado, where the term 'engineer' is used, this shall mean a professional engineer registered by the State of Colorado.

"1. Drawings and specifications for the following buildings or structures shall bear the seal of an architect and the seal of an engineer who is responsible for the engineering design phases of the building, structure or utility [buildings to which applicable are specifically described]."

Plaintiff is a professional engineer, duly registered and licensed under the laws of the state of Colorado. He brought this action for a declaratory judgment to declare the ordinance to be void, on the ground that it attempts to limit the right of an engineer by requiring the drawings and specifications for certain structures to have the seal of an architect as well as that of an engineer. He alleged that this provision is contrary to the laws of the state of Colorado regulating the practice of engineering and that it violates the constitution of the state of Colorado and the United States Constitution.

Defendant filed a motion to dismiss the complaint on the ground that the complaint failed to state a claim upon which relief could be granted. After hearing, the trial court found that there was no justiciable issue before the court and granted the motion. It is to this action that the instant writ of error is directed.

██ The instant action was brought pursuant to the provisions of Rule 57, R.C.P. Colo. Accordingly, the complaint must therefore state a question which is existent and not a mere academic or nonexistent question. In other words, there must be a justiciable issue or a legal controversy extant, and not a mere possibility that at some future time such a question may arise. Moreover, a declaratory judgment is appropriate when it will terminate the controversy. Here, no controversy exists;

at most, there is only a mere probability of such. The applicable principle is succinctly stated in *Taylor v. Tinsley*, 138 Colo. 182, 330 P.2d 954:

"\* \* \* Declaratory judgment proceedings may not be invoked to resolve a question which is nonexistent, even though it can be assumed that at some future time such question may arise. \* \* \*."

In *Edmundson v. Allen*, 117 Colo. 103, 183 P.2d 985, the principle is differently expressed as follows:

"\* \* \* The jurisdiction of the court to enter declaratory judgments does not properly extend to entering advisory judgments as to hypothetical issues which may never arise, \* \* \*."

In *Gabriel v. Board of Regents*, 83 Colo. 582, 267 Pac. 407, this court held that it could not permit the courts to be converted into legal aid bureaus by answering questions "which have not yet arisen and which may never arise" and reply to mere "speculative inquiries."

The general rule above enunciated has been approved in many cases in this and other jurisdictions. See, *Corliss v. City of Westminster*, 153 Colo. 551, 387 P.2d 272; *Shotwell v. Brotherhood of Locomotive Firemen and Enginemen, et al.*, 136 Colo. 428, 319 P.2d 484; *Champion, et al. v. City of Montrose*, 128 Colo. 474, 263 P.2d 434, which cites *Gabriel v. Board of Regents, supra*; *Montgomery v. City and County of Denver*, 102 Colo. 427, 80 P.2d 434; *City and County of Denver v. Denver Land Company*, 85 Colo. 198, 274 Pac. 743. This general rule is stated in 11 Am. Jur. *Constitutional Law* § 111, as follows:

"One cannot invoke, in order to defeat a law, an apprehension of what might be done under it and which, if done, might not receive judicial approval; to complain of a ruling one must be the victim of it. Thus, one who is required by statute to take out a license will not be heard to complain, in advance of application, that the statute is invalid as not safeguarding his rights in the event of an arbitrary refusal of the license."

318

The United States Supreme Court has recognized the same general rule. In *Highland Farms Dairy v. Agnew,* 300 U.S. 608, 57 S.Ct. 549, 81 L.Ed. 835, it held:

"\* \* \* One who is required to take out a license will not be heard to complain, in advance of application, that there is danger of refusal [citing other Federal cases]. *He should apply and see what happens.*" (Emphasis supplied.)

█ The application of the general rule to the issue in this case is apparent. Heron, as a professional engineer, could have submitted drawings and specifications in connection with an application for a permit for a building such as is specified in the ordinance in question, without the seal of an architect, to which limitation he now objects. He did not do so. Nowhere in his complaint does he allege that he has applied for a permit, and consequently no permit has been denied him; nowhere does he allege that he has submitted any plans and specifications to the city officers for their approval, and consequently no such plans and specifications have been rejected. There is no allegation of particular facts as to how he was injured — if he was so injured — by the ordinance; hence, his complaint merely requests an advisory opinion. Declaratory judgment proceedings may not be invoked before the court unless and until a justiciable issue or a specific legal controversy involving the application of the ordinance in question is actually before the court for determination.

The judgment is affirmed.