508 P.2d 402 (1973)
Holly F. BEESON, a Minor, by her father, next friend and guardian, Ernest A. Beeson, Plaintiff-Appellant and Appellee,
v.
STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, a corporation, Defendant-Appellant, and
Insurance Company of North America, a corporation, et al., Defendants-Appellees.
No. 71-407.
Colorado Court of Appeals, Div. I.
February 6, 1973.
Rehearing Denied February 27, 1973.
Certiorari Granted April 23, 1973.
*404 John H. Williamson, Montgomery, Little & Young, J. Bayard Young, Denver, for plaintiff-appellant and appellee.
Wood, Ris & Hames, F. Michael Ludwig, Denver, for defendant-appellant State Automobile and Casualty Underwriters.
Yegge, Hall & Evans, Don R. Evans, Denver, for defendant-appellee Ins. Co. of North America.
Wolvington, Dosh, DeMoulin, Anderson & Campbell, William P. DeMoulin, Denver, for defendant-appellee State Farm Mutual Automobile Ins. Co.
Burnett, Watson, Horan & Hilgers, William P. Horan, Denver, for defendant-appellee Allstate Ins. Co.
Selected for Official Publication.
PIERCE, Judge.
This case arises out of an injury sustained by Holly Beeson when she was struck in the eye by a key thrown or dropped by her uncle, David Olson, from a third floor window of an apartment house owned by her grandparents. Holly's grandparents own, among others, apartment houses at the following addresses in Denver: 1275 Washington Street, which they manage and where they reside; and 1430 Race Street, where Holly's uncle, David Olson, resides and which he manages. It was at the Race Street location that the injury occurred.
On the date of the injury, Holly accompanied her grandmother and mother, in Holly's parents' station wagon, to a freight salvage establishment in Denver to purchase rugs for the Washington Street apartment. After purchasing the rugs they drove to the Race Street apartment, where a pickup truck used in the family apartment business was stored. It was their intention to use the truck to transport to the Washington Street apartments the rugs they had purchased. Holly's uncle, David, who performed general maintenance functions at all of the family apartments, had the keys in his third floor apartment, where they were regularly stored. Holly's mother drove into the driveway of the Race Street apartments, got out of the station wagon, leaving the door open and the engine running and requested that David throw her the keys from his third-floor window. This he did. The keys went over her shoulder and through a partially open window in the station wagon and struck Holly, causing the loss of her eye.
Holly brought this action seeking declaratory relief against the following insurance companies: Insurance Company of North America (INA), which provided liability coverage for the Washington Street apartment; State Automobile and Casualty Underwriters (State Auto), which provided liability coverage for the Race Street apartment; State Farm Mutual Automobile Insurance Company (State Farm), which insured the pickup truck; and Allstate Insurance Company (Allstate), which insured the station wagon. Holly sought a determination as to whether any or all of the policies issued by these companies provided coverage for the accident in which she had been involved.
A motion was filed contesting the rights of the plaintiff to raise these issues in a declaratory judgment action on the ground that the named insureds under the various policies, whose rights would also be determined by this action, were not joined. Thereafter, a stipulation signed by all of the original parties or their legal representatives and Holly's mother, her grandparents and her uncle, was placed of record. The signators agreed to the following:
1. That they were all proper parties to this determination and that the issue to be decided was what, if any, insurance coverage was afforded by the insurance policies.
*405 2. That all of the parties desired to have their status and rights adjudicated in this particular action.
3. That all the signators, of their own free will, agreed to be bound by the decision as finally determined after exhaustion of appellate procedures through the courts of the State of Colorado.
4. That the defenses of Gloria Beeson, David Olson, Lester D. Olson, and Emma Olson, as to liability, were preserved for subsequent litigation.
5. That the defendants withdrew from the present action any objection to failure to join an indispensable party or that the action was not brought by the real party in interest and any defenses attacking the capacity of the plaintiff to bring the action.
Upon trial, the trial court denied recovery under each of the policies, except for the State Auto policy covering the Race Street apartments.
Holly appeals that portion of the judgment denying coverage under the other three policies and State Auto appeals the determination that it must provide coverage. We affirm the determination that the State Auto policy provides coverage, and that the State Farm and Allstate policies do not. We reverse the determination that the INA policy does not extend coverage to this loss.

I.
While the parties did not raise the issue, it is necessary that we discuss initially the procedure followed by the original parties and other interested persons, in order to bring themselves within the purview of C. R.C.P. 57 and C.R.S.1963, 77-11-1 to 15, which delineate the requirements for seeking declaratory relief.
Our Supreme Court has held that an action for declaratory judgment may be properly maintained by an insurance company to determine if it will be liable to its insured for a defense and for payment of a possible judgment arising from a specified occurrence. O'Herron v. State Farm Mutual, 156 Colo. 164, 397 P.2d 227. Although the procedure used in this particular case is unorthodox, it has achieved the same end as if the insureds or the insurance companies had initiated the action. In the present action, by their stipulation, all persons having any interest whatsoever regarding the interpretation of these insurance policies have placed themselves before the court. All the possible tort feasors, in essence, challenge the respective insurance companies to defend the various named insureds pursuant to the terms of their contracts, and the insurance companies have denied any liability. By doing so, they have raised a controversy of sufficient immediacy and reality to warrant the issue of a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 85 L.Ed. 826, 61 S.Ct. 510. Furthermore, hereafter the insureds and the companies are estopped to further contest the stipulated matters. Both the essential requirements and the spirit of C.R.C.P. 57 and C.R.S.1963, 73-11-1 to 15 have been complied with. Furthermore, it would be an exercise in futility now to require all concerned to return to the trial court to technically change the caption of this action or to commence a new action before placing their problems before the trial court or this court. We rule that the parties did properly bring themselves within the purview of the rule and statute, and the district court had jurisdiction to decide the issue.

II.
The insurance policies covering the two vehicles contain similar provisions with regard to coverage. Under both, the insured is covered for sums which he becomes legally obligated to pay as a result of personal injuries arising out of the ownership, maintenance, or use, including loading or unloading of the covered vehicle.
The insurance companies have found it necessary to adopt such broad language for liability policies since it would be impossible to anticipate all the occurrences *406 that can lead to injury. Consequently, as a guide to interpreting such policies, our Supreme Court has ruled that to be within the coverage afforded by an automobile insurance clause, the accident must arise under circumstances which could be reasonably contemplated by the parties when they entered the agreement. Mason v. Celina Mutual Insurance Co., 161 Colo. 442, 423 P.2d 24. The applicable rule for interpreting this clause in an automobile insurance contract is found in Azar v. Employer's Casualty Co., Colo., 495 P.2d 554. There, our Supreme Court stated:
". . . it is generally held that there must be a causal relation or connection between the injury and the use of the vehicle in order for the injury to come within the meaning of the phrase `arising out of the use' of a vehicle. . . . Use, as contemplated by the automobile liability policy, means use of a vehicle as such, not a use foreign to its inherent purpose, to which the vehicle might conceivably be put."
This accident was not sufficiently connected with these vehicles to satisfy this rule, and thus, neither of these policies is applicable. Certainly, the throwing of the keys to the truck was not within the contemplation of the parties when they entered into their insurance agreement. It is in no way connected with the inherent nature of the vehicle, and thus, damages resulting therefrom are not insured under the basic insurance agreement. Therefore, the State Farm policy does not provide coverage.
Similarly, the fact that Holly happened to be sitting in the station wagon when she was struck is inadequate to satisfy the requirements set forth in Azar, supra. There, the victim also just happened to be in the car. However, again, there is nothing inherent in Holly's use of the vehicle that would bring such an event within the contemplation of the parties to the Allstate contract. See Brenner v. Aetna Insurance Co., 8 Ariz.App. 272, 445 P.2d 474.
Furthermore, this is not a case of loading or unloading within the terms of the Allstate policy. Had it been David's intention to throw the keys directly into the car, we might have to reach this issue. However, they were not intended cargo, and thus, this is not a case concerned with loading.

III.
The policies covering the two apartment buildings contain similar provisions, both with regard to coverage and with regard to the relevant exclusions. Both policies provide coverage when the insured becomes legally obligated to pay damages as a result of personal injuries that arise out of the ownership, maintenance, or use of the premises, and no coverage for accidents that occur on or from another premise owned by the insured. The problem presented is one of determining, first, if the accident is within the coverage, and second, if it is defeated by one of the exclusions.
Insurance policies are contracts and will be construed with a view to carry out the intent of the parties. Jennings v. Brotherhood Accident Co., 44 Colo. 68, 96 P. 982. Contracts are construed most strongly against those who write them, here, the insurance company. Wilson v. Automobile Owner's Association Insurance Co., 148 Colo. 550, 366 P.2d 654. This is the principle both with respect to coverage and with respect to exclusions and conditions. Mutual Benefit Health & Accident Ass'n v. McDonald, 73 Colo. 308, 215 P. 135. While we will not give clear and unambiguous language of an insurance contract a forced construction against the insurer, Standard Marine Insurance Co. v. Peck, 140 Colo. 56, 342 P.2d 661, where there is uncertainty with respect to coverage, the construction will be in favor of the insured.
In the policies before us, the language providing coverage is very broad and indefinite as were the automobile policies. *407 We recognize that it is necessary to use such language in the coverage clause of these policies since it would not be possible to contemplate all of the possible occurrences that might lead to personal injury. This, of course, raises questions as to the extent of the coverage, particularly where the injury-causing accident is of an unusual nature. However, even recognizing that such provisions are necessarily vague, they must be understood in their most inclusive sense for the benefit of the insured. City of Santa Monica v. Royal Indemnity Co., 157 Cal.App.2d 50, 320 P.2d 136. This is particularly true where, as here, no attempt has been made in the policy to define or limit the chosen terms. Wilson v. Auto Owners Association, supra. We conclude that this language must be construed very broadly, Baca v. New Mexico State Highway Department, 82 N.M. 689, 486 P.2d 625, and such construction does encompass the occurrence involved here. It cannot here be doubted that the insureds, under both policies, contemplated a wide range of coverage protecting them from occurrences arising out of or related to the business of running an apartment house.
Applying this rule to the facts before us, we conclude that INA's policy on the Washington Street apartment provides coverage. The facts show that the avowed purpose of the trip that led to the injuries was to purchase carpeting for this apartment. It is not a requisite under this policy that the injury actually occur on the premises described in the policy, so long as it was causally connected to the ownership, maintenance or use of the property. Lessak v. Metropolitan Casualty Insurance Co. of New York, 168 Ohio St. 153, 151 N.E. 2d 730. This activity was incidental to the maintenance of that apartment, and thus, explicitly covered by the policy. Coverage under these circumstances was intended by the parties, and it is the duty of the courts to carry out this ascertained intent. See Columbian National Life Insurance Co. v. McClain, 115 Colo. 458, 174 P.2d 348.
Similarly, the policy on the Race Street apartment must also be interpreted in accordance with the intent of the parties. The trial court concluded that the keeping of the keys to the truck at this apartment and throwing them out the window was incidental to the operation of that apartment and, thus, extended coverage from the policy. We agree that the exercise of control by management personnel over an instrumentality used in the maintenance of that building would be covered. It is reasonable to conclude that the parties intended coverage when the manager of the apartment house was engaged in business related activities. See Columbian National Life Insurance Co. v. McClain, supra.
State Auto argues, however, that the occurrence of the accident on these premises was only coincidental, and therefore in no way causally connected to the ownership or maintenance of the apartment. They reason that, because of this, the cases of Azar v. Employer's Casualty, supra, and Mason v. Celina, supra, preclude coverage. However, the question is not whether this accident could have occurred anywhere, but whether the accident is within the realm of possibilities contemplated by the parties when they contracted for coverage. Since it occurred on the premises, and involved maintenance equipment, we conclude that it was within their contemplation.
Having determined that both the policies are broad enough to provide coverage, the problem becomes one of determining whether any of the enumerated exclusions in the policy defeat coverage. The exclusion for accidents arising out of ownership, maintenance, use, loading, or unloading of an automobile is not applicable. We have previously determined, in connection with the auto policies, that this occurrence was not sufficiently related to the automobiles in question to be covered. This determination is binding in consideration of the apartment house policies.
The other exclusion present in both policies provides that bodily injuries occurring *408 on or from other premises owned by the insured are not covered. It was this exclusion that convinced the trial court that INA's policy on the Washington Street apartment did not cover this occurrence. We disagree.
Logically, this exclusion could preclude coverage from both policies: The injury occurred on one premise and arose from activities related to another. However, as to each of the two policies, if we eliminate the causal factors which tie the accident to the "other owned premise", there is still a causative factor at each premise which can be considered a proximate cause of the occurrence. As to the Race Street apartment, it is the activity of the manager in his control over maintenance equipment. As to the Washington Street property, it is the purchasing of carpeting to benefit that establishment.
We must strictly construe this exclusion against both insurance companies in order that the policies may accomplish the purposes that the contracting parties intended. Columbian National Life v. McClain, supra. Where, as here, an insured is engaged in an activity covered by one policy while at the same time engaged in acts covered by another, the coincidental overlapping cannot defeat the coverage of either or both of the policies where they would otherwise both cover the accident.

IV.
Having determined that coverage must be offered by State Auto on the Race Street apartment, the question has been raised as to whether David Olsen is an insured under the State Auto policy. The grandparents are unquestionably covered. However, the following clause appears in that policy.
"Each of the following is an insured under this insurance to the extent set forth below:
(d) any person (other than an employee of the named insured) . . . while acting as a real estate manager for the named insured."
The trial court in its findings of facts, concluded that David Olsen, the real estate manager, was in the course of his employment when the accident happened. The policy itself is of little help in determining whether this finding is correct since "real estate manager" is not defined. Because of this, it was necessary for the trial court to follow the general rule, announced above, that terms susceptible to several meanings not defined in the policy, must be strictly construed against the insurer. Wilson v. Automobile Owner's Association Ins. Co., supra. It is reasonable to conclude that the parties contemplated that David would be insured while he was engaged in managing and maintaining these premises if his actions were within the scope of his employment. Columbian National Life v. McClain, supra. The facts support the court's determination that David was covered as to the State Auto policy and we therefore, affirm that determination.
While we have determined that this particular incident was a type of injury anticipated under the Washington Street policy, further litigation will have to develop as to whether he was acting within the scope of his employment regarding the Washington Street apartments at the time of the accident, and whether Holly's injury was proximately caused by negligence imputed to, or committed by, an insured under either or both policies.
Judgment affirmed in part and reversed in part.
SMITH, J., concurs.
DWYER, J., dissents.
DWYER, Judge (dissenting):
In my opinion, this case should be dismissed.
Plaintiff Holly Beeson was injured in an accident which she alleges was caused by *409 the negligence of her mother, Gloria A. Beeson, and her uncle, David Olson. She further alleges that her grandparents, Lester D. Olson and Emma E. Olson, are liable under the doctrine of respondeat superior. The alleged tort-feasors are not designated as parties to this action. Rather the named defendants are corporations which plaintiff alleges have entered into contracts indemnifying the alleged tort-feasors against certain claims including those arising from the accident in which plaintiff was injured. Plaintiff has no claim or cause of action against any of the defendants and may not maintain an action against them. Armijo v. Ward Transport, Inc., 134 Colo. 275, 302 P.2d 517; Wheat v. Fidelity & Casualty Co., 128 Colo. 236, 261 P.2d 493; Crowley v. Hardman Bros., 122 Colo. 489, 223 P.2d 1045. This rule applies as well to actions for declaratory judgment. In Hale v. Fireman's Fund Insurance Co., 209 Or. 99, 302 P.2d 1010, the Supreme Court of Oregon held that a personal injury plaintiff could not maintain a declaratory judgment action against insurers seeking declaration as to whether or not the insurers would be required to pay the judgment, if any, that might be obtained against the allegedly negligent insured. The court there stated:
"It must be apparent that the rights which the plaintiff says he possesses against the two defendant insurance companies are contingent. He may never win a judgment in the tort action. The defendant insurance companies are not required to do anything concerning the plaintiff until a judgment is entered in his favor against the Smiths and remains unsatisfied for thirty days. The situation does not reveal a controversy `of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' The quoted words are taken from Maryland Casualty Co. v. Pacific Coal & Oil Co., supra [312 U.S. 270, 61 S.Ct. 512]."
The stipulation does not have the effect of converting plaintiff's defective action against the insurance companies to an action between the alleged tort-feasors and the insurance carriers. The agreement by the alleged tort-feasors to be bound by the judgment did not make them parties. They were not represented by counsel, and no evidence, briefs, or arguments were presented on their behalf. Rather the action was tried as one between plaintiff and the insurance companies.
It is improper for a court to enter a declaratory judgment which is advisory only and does not dispose of an extant controversy. Heron v. City and County of Denver, 159 Colo. 314, 411 P.2d 314; Taylor v. Tinsley, 138 Colo. 182, 330 P.2d 954; Edmundson v. Allen, 117 Colo. 103, 183 P.2d 985.
In the present posture of this case, it is impossible to determine which, if any, of the insurers may be obligated under their policies to indemnify the person or persons, if any, who may ultimately be held liable for damages to plaintiff. All questions concerning the liability of the various prospective defendants have been reserved for future determination by the express provisions of the stipulation. The liability of the insurers is dependent upon a resolution of these questions, and until such questions are decided, no opinion concerning the liability of the insurers should be expressed by the Court.
Plaintiff's action for a declaratory judgment should be dismissed.