SECOND DIVISION 

June 11, 2002

Nos. 1-99-3190 and 1-99-4129, Consolidated

JUDITH R. MYERS, YOHOMA GRAY and ELVIRA FERNANDEZ HASTY,

Plaintiffs-Appellants,

v.

MUNDELEIN COLLEGE, 

Defendant-Appellee.

)))))))))

)

Appeal from the Circuit Court of Cook County

Nos. 96 CH 1100

        99 CH 9232

Honorables

Michael B. Getty

and Albert Green,

Judges Presiding.

JUSTICE CAHILL, delivered the opinion of the court:

This is the third appeal arising from breach of contract claims brought by three plaintiffs against defendant Mundelein College.  The facts that underlie this present appeal are set out in 
Gray v. Loyola University of Chicago
, 274 Ill. App. 3d 259, 264, 652 N.E.2d 1306 (1995) (
Gray I
), and  
Gray v. Mundelein College
, 296 Ill. App. 3d 795, 695 N.E.2d 1379 (1998) (
Gray II
).  A final order conforming to the two appellate opinions was filed on January 11, 1999.  No one appealed the order, which finally determined that Mundelein was liable for contract damages through 1996 in the case of plaintiffs Gray and Hasty, and that Mundelein had breached its contract with Myers.  Myers had never sought damages.

Subsequently, on June 23, 1999, Gray and Hasty filed a motion asking for damages for the years 1997 and 1998.  Myers field a motion under section 2-701(c) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-701(c) (West 2000)), asking for damages dating back to 1996.  The chancery division judge who heard these motions denied them, finding that he no longer had jurisdiction.  Gray and Hasty did not appeal this order.  Myers moved for reconsideration, and after denial, filed an appeal.  

Gray and Hasty meanwhile filed a new complaint in chancery.  This complaint alleged that Gray and Hasty were tenured faculty members entitled to lifetime employment by Mundelein, an obligation Mundelein breached.  Copies of the chancery court's order and our decision in 
Gray II
 were attached as exhibits.  The complaint alleged that damages incurred through December 31, 1996, had been awarded. The complaint sought a declaration that Gray and Hasty were entitled to damages for lost earnings from January 1, 1997, to the present.  Mundelein moved to dismiss the complaint under section 2-615 of the Code.  735 ILCS 5/2-615 (West 2000).  Mundelein argued that the complaint failed to state a claim amenable to declaratory judgment relief but, rather, was an action at law.  The trial court dismissed the complaint under section 2-615.  The trial court concluded that "plaintiffs have an action at law for further damages incurred due to the breach which is only proper in the Law Division." 

Gray and Hasty argue on appeal that the dismissal of their declaratory judgment action was in error because there is an actual controversy between the parties arising from Mundelein's refusal to concede liability for future lost earnings caused by its breach of contract.  

Myers' appeal challenges the denial of her motion in the original chancery action for additional relief under section 2-701(c) of the Code.  Myers claims that the trial court has the power and the duty to grant monetary relief under section 2-701(c) of the Code.  

Mundelein responds that Gray and Hasty's future damage claims are not cognizable under the declaratory judgment act because only legal, not equitable, relief is sought.  Mundelein contends with respect to Myers that her claim for damages is barred by our decision in 
Goldberg v. Valve Corp. of America
, 89 Ill. App. 2d 383, 233 N.E.2d 85 (1967).  Mundelein alternatively argues that Myers' claim for damages is barred by the law of the case, based on our statement in 
Gray II
 that Myers was entitled only to declaratory and injunctive relief.  
Gray II
, 296 Ill. App. 3d at 809-10.  

We entered an order consolidating the appeals.  As to Gray and Hasty, we must determine whether the claim may proceed in the chancery division as a declaratory judgment action or must be pursued in the law division as a complaint for damages arising out of a breach of contract.  As to Myers, we must determine whether section 2-701(c) entitled her to make a present claim for money damages where she failed to seek them in the original action.

Gray and Hasty argue that whether they are entitled to future damages is uncertain under Illinois law, giving rise to an actual controversy that "can only be solved through a declaratory judgment."  We disagree.  

Gray and Hasty claim that a federal district case, 
Lewis v. Loyola University of Chicago
, No. 87 C 6329 (N.D. Ill. 1988), 
aff'd
, 
Lewis v. Loyola University of Chicago
, 872 F.2d 424 (7th Cir. 1989), interpreted Illinois law to bar a second claim for damages from a breach of contract for which damages had already been awarded.  Gray and Hasty contend that, if they had filed an action at law seeking damages, Mundelein would have made the same arguments as those in 
Lewis
 and that "these arguments, and the dispute about [Gray and Hasty's] entitlement to posttrial damages, present an 'actual controversy' that is appropriately resolved in a declaratory judgment action."  The contention 
overlooks a well-settled rule that a declaratory judgment action should not be used to secure advisory opinions or legal advice with respect to future litigation.  
Messenger v. Edgar
, 157 Ill. 2d 162, 170, 623 N.E.2d 310 (1993).  The actual controversy requirement ensures that a court will not pass judgment on abstract propositions of law.  
Messenger
, 157 Ill. 2d at 170-71.  We find 
Slack v. City of Salem
, 31 Ill. 2d 174, 201 N.E.2d 119 (1964), analogous.

In 
Slack
, the plaintiff filed a complaint to restrain the holding of a referendum to approve or disapprove the issuance of revenue bonds.  The plaintiff also sought a declaration that the statute authorizing the referendum was unconstitutional.  
Slack
, 31 Ill. 2d at 175.  Our supreme court found that, until the voters approved the referendum to issue the bonds, "there is no controversy that is ripe for a declaratory judgment."  
Slack
, 31 Ill. 2d at 178.  Similarly here, a court cannot make a finding on the effect of the 
Lewis
 case on Gray and Hasty's claim for damages unless and until the issue is raised by Mundelein.    

We note that whether Gray and Hasty are entitled to posttrial damages arising from Mundelein's breach of contract does not turn solely on an interpretation of 
Lewis
, but on an analysis of a rule first established in 
Hamlin, Hale & Co. v. Race
, 78 Ill. 422 (1875), that damages for breach of contract beyond the date of trial are barred as speculative.  This rule was reaffirmed in 
Mount Hope Cemetery Ass'n v. Weidenmann
, 139 Ill. 67, 28 N.E. 834 (1891), and later modified in 
Doherty v. Schipper & Block
, 250 Ill. 128, 95 N.E. 74 (1911), when our supreme court held that all damages for breach of contract must be recovered in a single action, barring future actions for damages.  A subsequent appellate case, 
Corby v. Seventy-One Hundred Jeffery Avenue Building Corp
., 325 Ill. App. 442, 60 N.E.2d 236 (1945), did not follow 
Doherty
.  

In 
Corby
, the plaintiff entered into an employment contract with the defendant that began on December 15, 1938, and ended on July 15, 1948. 
 The plaintiff sued for breach when he was terminated on September 19, 1940, two years into the 10-year term of employment.  
Corby
, 325 Ill. App. at 445-46.  After a December 31, 1942, bench trial, the plaintiff was awarded damages from September 19, 1940, the date of termination to July 15, 1948, the date of expiration of the contract.  
Corby
, 325 Ill. App. at 455.  The damage award was reversed on appeal.  The 
Corby
 court found that, because the employment might be properly terminated at any time between the date of trial and the expiration date, damages after the date of trial "would be largely speculative."  
Corby
, 325 Ill. App. at 457.  In limiting the plaintiff to accrued damages as of the date of trial, the 
Corby
 court
, citing to 
Mount Hope
, said that the plaintiff could institute future proceedings "from time to time *** for damages that he may have sustained, or he may wait until the expiration of the contract and recover for such damages, if any."  
Corby
, 325 Ill. App. at 457.  

These cases make clear that there is a difference between damages for events that have not yet occurred (and may never occur) and a new action for damages that have accrued since the original action was terminated.  Illinois law clearly proscribes claims for damages that have not yet occurred, so-called "future damages."  See 
Schoeneweis v. Herrin
, 110 Ill. App. 3d 800, 808, 443 N.E.2d 36 (1982); 
Jackson v. Hammer
, 274 Ill. App. 3d 59, 64, 653 N.E.2d 809 (1995) (damages may not be speculative, remote or uncertain).  But the term "future" damages here is imprecise as to Gray and Hasty, who seek to recover damages that accrued after the first case was decided–subsequent lost income as a result of Mundelein's breach of a tenure contract.  The facts are not unlike those in 
Corby
, where the subject matter of the dispute was an employment contract that extended beyond the date of the trial determining the breach.  Allowing such subsequent actions for accrued damages squares the 
Mount Hope
 rule against the award of speculative damages for breach of contract beyond the date of trial with the 
Corby
 court's recognition of a plaintiff's right to recover damages "from time to time" as they accrue, under a contract that has been held to be enforceable for its entire term.  We note, in passing, that at least one court disagrees.  See 
Munoz v. Expedited Freights System, Inc
., 775 F. Supp. 1181, 1187 n.6 (N.D. Ill. 1991).  
Corby
, on the other hand, stands for the proposition that new actions may be brought to recover damages that accrue after the original action is terminated.  The remedy is appropriate where, as here, a long-term employment contract is implicated.  Gray and Hasty's claims for damages are actions at law properly brought in the law division.  We reverse dismissal of their complaint and remand with directions that the complaint be transferred to the law division.  

We now consider Myers' appeal.  
Myers contends that section 2-701(c) of the Code empowers the trial court to assess money damages based on the trial court's earlier declaration that defendant breached the tenure contract.  Mundelein disagrees, claiming that 
Goldberg v. Valve Corp. of America
, 89 Ill. App. 2d 383, 233 N.E.2d 85 (1967), bars Myers' claim.  We disagree.

Goldberg
 did not address the scope of section 2-701(c) but, rather, considered whether the plaintiff's complaint stated a claim for declaratory relief.  
Goldberg
, 89 Ill. App. 2d at 390.  We found that the plaintiff's complaint alleged a breach of contract that "is compensable in a traditional action at law," which action the plaintiff was not "foreclosed from asserting."  
Goldberg
, 89 Ill. App. 2d at 391.  Applying 
Goldberg
's reasoning here, we conclude that Myers' motion for additional relief under section 2-701(c) is also "compensable in a traditional action at law."  

Mundelein argues that Myers is foreclosed from asserting an action for damages based on the law of the case doctrine.  In 
Gray II
 we said:

"But Myers is entitled only to a declaration that Mundelein breached its contract.  In defendant Mundelein's petition for rehearing, Mundelein notes that Myers did not seek damages or prove damages before the trial court.  Myers sought only a declaratory judgment and injunctive relief in her complaint.

We remand with directions to enter judgment for plaintiff Myers."  
Gray II
, 296 Ill. App. 3d at 809-10.

Mundelein's contention that this directive bars Myers' claim for money damages arising from the breach of contract overlooks that Myers' entitlement to damages was not at issue in 
Gray II
.   All that Meyers asked for in the case was a declaration that she be allowed to enforce her right to employment under a tenure agreement.  The directive only clarified the instructions to the trial court on remand in this consolidated case.  Nor can Myers' option to seek equitable relief be deemed an election of remedies.  If a party has more than one remedy, selecting one of them is not a bar to another remedy unless the remedies are inconsistent and the other party materially changes his position in reliance on the manifestation.  Restatement (Second) of Contracts §378 (1981); 
Kel-Keef Enterprises, Inc. v. Quality Components Corp.
, 316 Ill. App. 3d 998, 1009, 738 N.E.2d 524 (2000).  The remedies sought here–declaratory relief and money damages–are not inconsistent.  We reverse the trial court's order denying Myers' motion for additional relief and direct that the matter be transferred to the law division.

We reverse the dismissal of Gary and Hasty's complaint for declaratory judgment and direct that the case be transferred to the law division.  The order denying Myers' motion for additional relief is reversed, and we direct that the case be transferred to the law division.

Reversed; cause remanded with directions.

COUSINS and McBRIDE,  JJ., concur.